## THE PEOPLE *vs.* TWEED.

The writ of error is a writ of right, and issues as a matter of course, in cases of misdemeanor.

The direction for a stay of proceedings, on a writ of error, is not a matter of course, but rests in the sound judicial discretion of the officer allowing the writ.

When it appears that the points urged in support of an application for a stay of proceedings were raised upon the trial, and overruled by the judge presiding, as well as by another judge, upon a writ of *habeas corpus;* that the prisoner has voluntarily allowed considerable delay, since the trial, without presenting his case to an appellate court for review; that no application for a stay has been made to the judge who presided at the trial, nor to any other judge of that district; and the application is finally made to a judge outside of the judicial district in which the trial took place; it is a proper exercise of discretion for the latter judge to refuse the stay, with leave to withdraw the application, and without prejudice to any further application to another officer.

THE defendant, by his counsel George F. Comstock, David Field and E. R. Bacon, has made application for a writ of error with a stay of proceedings, to be issued to the court of oyer and terminer of the city and county of New York.   The application is based upon the error-book containing 1064 pages of printed matter, the printed bill of exceptions containing 778 pages, and upon printed and oral briefs, consisting of numerous pages, and a citation of numerous authori-

ties. In conjunction with the presentation of such papers *ex parte*, no one appearing for the people, an oral statement was made of the several points principally relied upon to indicate error. Upon the trial, had before the court of oyer and terminer, before Hon. NOAH DAVIS presiding, some 200 exceptions were taken, not stated in detail or argued here.

It was conceded that no application for a writ of error had been made to the learned justice who presided at the trial, nor to any of the other five justices of the Supreme Court of said city of New York. It was also stated that the next General Term is appointed to be held in the city of New York, January 4, 1875, at which it was supposed the writ of error may be disposed of, in time to be presented for a hearing in the Court of Appeals, January 19, 1875.

It was also stated that Tweed, the prisoner, on the 29th of November, 1873, was imprisoned in the penitentiary at Blackwell's Island, and has ever since remained in such prison, under sentence; though no affidavit or other proof of such fact was presented.

*Geo. F. Comstock, D. Field* and *E. R. Bacon*, for the prisoner.

HARDIN, J. The learned counsel for the prisoner is correct in saying that the writ of error is a writ of right, and issues as of course, in cases of misdemeanor. In capital cases, such writ can issue only after notice given to the attorney general or the district attorney of the county where such conviction shall have been had. (2 *R. S., Edm. ed.*, 765.)

The 16th section of the statute provides as follows: "But no such writ of error shall stay or delay the execution of such judgment or sentence thereon, unless the same shall be allowed by a justice of the Supreme Court, or by a county judge, *with an express direction* therein

that the same is *to operate as a stay* of proceedings on the judgment upon which such writ shall be brought.''

It has been held, in numerous cases, that the direction for a stay is not a matter of course; and that it rests in the sound judicial discretion of the officer allowing the writ of error.

In other words, that the judicial officer must exercise a discretion, in respect to the question as to whether, in the case before him, he shall direct or refuse a stay of proceedings. (*Hill* v. *The People*, 10 *N. Y.*, 464. 3 *Parker*, 567. *People* v. *Folmsbee*, 60 *Barb.*, 484.

In the application here made, three prominent points are made in respect to the regularity and correctness of the trial had in the oyer and terminer which sentenced the prisoner to confinement for twelve years, and to payment of some $12,000 fine.

The leading points stated by the learned senior counsel relate, (1.) to the court in which the trial was had; (2.) to the imposition of successive sentences, each successive one to begin at the expiration of the prior; (3.) to the right of the accused to additional challenges to jurors; (4.) the constitutionality of the act of April, 1870, conferring duties upon the board of audit in the city of New York. The very clear and lucid statement made by the careful and astute counsel submitting this application seemed to render plausible his position.

But it must be borne in mind that the hearing is *ex parte*, and considerations may have been overlooked by counsel which have, and should have, great force in arriving to correct conclusions upon the points raised.

Furthermore, these very points were raised upon the trial, and discussed by very able counsel, and overruled after careful examination, as the case shows, by the learned justice who presided at the trial.

Recently an application was made to Justice Barrett for a writ of *habeas corpus*, and upon the return to that writ, it is understood, most if not all the points

here made were raised, and overruled by that learned officer.

If these points are well taken, they are of such a nature as to lead to a reversal of the judgment, either in the General Term, or Court of Appeals. The prisoner has voluntarily allowed considerable delay since the trial, without presenting his case to an appellate court for review, where such questions can be carefully and elaborately examined. Although that delay does not deprive him of the right of review, nor the right to a writ of error at this time, still it may not inappropriately be referred to in considering a question which rests in discretion. It appears the bill of exceptions was filed 14th of July, 1874.

But it is insisted that errors occurred upon the trial, which should induce a stay of proceedings pending the review.

The statement made upon this application, that a hearing can be obtained in the General Term 4th of January next, and probably in the Court of Appeals, indicates that no greater time will be required from now, to obtain the judgment of an appellate court, than the prisoner has voluntarily allowed to elapse without seeking a review, in the usual course, in such cases. This consideration is not without its force upon the question of discretion now presented by this application for a stay of proceedings.

It is quite common to apply for a writ of error, to the judge who presided at the trial, before applying to another.

The statute does not require such application to be made. But it has become quite common to pursue such a course in the first instance; to avoid, as much as possible, conflicting results apparently from co-ordinate officers.

Indeed, in cases of a criminal character, which have been had before an oyer held by me, such applications

The People *v.* Tweed.

have uniformly been made, and no writ with a stay of proceedings has been granted by another officer, after such conviction.

Such course is conducive to harmony ; and common courtesy among judicial officers is promoted by it.

This consideration should have its force in this case, inasmuch as this application is made outside of the judicial district in which the trial took place.

However, it would be within the power of the judge to whom this application is made to look into the questions made here, as to which error is alleged, and if fully satisfied that error was committed, to allow a stay of proceedings.

The same questions having substantially been raised before the justice who recently remanded the prisoner, when brought up on a *habeas corpus*, may be regarded as having been passed upon, for the purposes of this application, adverse to the prisoner.

That will not prevent a full and perfect review of the trial in an appellate court ; which can be had upon the writ asked for, and which the statute entitles the prisoner to have allowed as a matter of right. The considerations stated would lead me to refuse the stay, upon the papers now before me ; but as counsel desire to withdraw the application, leave is granted so to do ; and therefore this decision is without prejudice to any further application before any other officer, upon the same or additional papers.

Ordered accordingly.

[At Chambers, Little Falls, December 28, 1874. *Hardin*, Justice.]