THE PEOPLE *vs.* ANN LOHMAN, alias MADAM RESTELL.

In all cases where a writ of error has been properly allowed, under the 15th section
    of the article of the revised statutes relating to writs of error on judgments, &c. in
    criminal cases, an application, by the prisoner, to be admitted to bail may be made,
    under the 19th section of that article; although the writ of error is returnable in
    the court of appeals.

Upon an application by a prisoner to be let to bail, under the 19th section of the
    statute, the officer is to exercise a discretion. He is to act judicially and not min-
    isterially. And in the exercise of the power conferred upon him, he is to be gov-
    erned by such legal considerations as have hitherto properly controlled courts and
    officers in the discharge of their duties, in similar cases.

Bail, in criminal cases, is not based on the grace or favor of the court, but solely on
    the doubt which may exist as to the prisoner's guilt. If his guilt is past dispute,
    he ought not to be bailed.

At each step of the proceedings, the grounds upon which a prisoner can be let to
    bail diminish, as the evidences of his guilt increase. After conviction and sen-
    tence, his claims to be let to bail are further diminished; yet, even at that point,
    *if it appears that his conviction was unjust, or there is a serious doubt of his guilt,*
    his application may be granted.

*It seems* that the statute gives to a prisoner under conviction and sentence the right
    to apply to be let to bail, even after his conviction has been adjudged to be legal,
    by the supreme court.

But at that stage of the proceeding, the legal doubts concerning the guilt of the
    prisoner ought to be considered as so well settled against him that the application
    for bail, if made to a judge at chambers, should be very cautiously entertained, and
    only granted in cases of great question and difficulty.

ON *habeas corpus* to admit the prisoner to bail. The pris-
oner was convicted at the New-York general sessions of the
peace in November, 1847, of a misdemeanor in procuring an
abortion upon the person of one Maria Bodine, and was sen-
tenced to be imprisoned in the penitentiary for the term of one
year. A bill of exceptions was taken on her trial, and the re-
cord was removed by writ of error to the supreme court. The
case was argued at the general term of that court held in the
city of New-York, in January, 1848, and during that month
the court rendered judgment affirming that of the court below.
(*See The People* v. *Lohman, ante, p.* 216.) The prisoner

thereupon sued out a writ of error to the court of appeals, and procured, from the justice who allowed the writ, an order staying proceedings. While in the custody of the sheriff of New-York, awaiting the judgment of the court of appeals, she was brought before Judge Hurlbut, on a writ of *habeas corpus*, to be admitted to bail under the provisions of part 4, chap. 2, art. 2, of the revised statutes, concerning writs of error on judgments, and certioraris, in criminal cases.

*E. Sandford*, for the prisoner. The grand point to be settled is, whether bail will secure the appearance of the defendant. As to the right of defendant, at *common law*, to bail. All offenders are entitled *before* trial, to be bailed; but an exception has been made by statute, in cases of homicide. In all cases it rests in the discretion of the judge. The question for him to settle is, whether bail will secure the appearance of the prisoner. Where the punishment is so severe that it probably will not, bail will be refused. Homicide was made an exception, because of the flagrant character of the offence. In this case the propriety of the writ of error and the stay of proceedings are not in question. The delay is legal, and nothing is alleged tending to show that the prisoner cannot be as safely bailed as before conviction. Where the offence is bailable *before conviction*, it is *matter of right*. The imprisonment then is merely to secure the appearance of the prisoner. (4 *Bl. Com.* 296, 297.) The commitment is merely for safe custody. To refuse or delay bail, is an offence at common law. (*Id.* 300.) As to bail after conviction, see 1 *Strange*, 530; *Petersdorff on Bail*, 483; 2 *Dyer*, 193, *b*; *Com. Dig. Bail, F.* 3, 7, 10; *Coke's Inst.* 189. It is an offence to refuse bail. (2 *Ashmead's Rep.* 237.) A writ of error in criminal cases was not allowed at common law, as a matter of right. During the pendency of an appeal it was competent for the king's bench to bail. Our revised statutes introduced a new system. It abolished this distinction, and recognized no difference between civil and criminal cases; and it is as much a matter of right in one case as in another. (3 *R. S. p.* 849, *reviser's notes,* § 21 *to* 28. 2 *Id.* 736, *and the*

*sections the note refers to.*) The language is "may" receive bail, but the language is the same in all the sections relating to bail. Writs of error, in all cases, except upon convictions for capital offences, are writs of right. (2 *R. S.* 740, § 15.) Under the 18th section the sheriff can keep the prisoner where he pleases, so that he has him at the time of the judgment. The 19th section of the statute is the one proceeded under here. What now is the meaning of the word "may?" · In 2 *R. S.* 728, § 56, the same word is used; so also *Id.* 707, § 8. *Id.* 709, § 25. *Id.* 710, § 29. They import that the prisoner *shall* be let to bail, if he offers sufficient security. The obligation is compulsory on the court. It is simply for the court to determine whether the taking of sureties will be sufficient to ensure the appearance of the party. What is there in this case to show that bail will not secure this? She was once bailed; did she flee? She has appeared and answered fully hitherto. She states in her petition that she is ready and willing to give bail. She is in effect indicted for a mere misdemeanor. As to the exercise of discretion by the court, see 5 *Wend.* 126.

*John McKeon,* (district attorney,) for the people. The prisoner was convicted of a misdemeanor in procuring an abortion. She has been sentenced, has sued out a writ of error, and obtained a stay of proceedings. She has already applied to one or two of the judges for an order admitting her to bail, and been refused ; and has applied to the supreme court and been refused. This is all *after sentence,* and after that sentence has been affirmed by the supreme court. There are difficulties now which have not existed before. She is here on a special habeas corpus to be admitted to bail. The statutes do not apply. *After* conviction, misdemeanors and felonies are on the same footing. The misdemeanor here is a heinous one, as appears by sentence. A writ of error is a writ of *right ;* except in capital cases, but no stay of proceedings unless so ordered. The writ of error and stay of proceedings do not therefore entitle her to bail. · Is not the whole purport of this law, allowing bail, confined to appeals to the supreme court? Does it extend to the court of

The People *v.* Lohman.

appeals? (2 *R. S.* 741, § 24, *&c.*) The case is not provided for by statute. (*Ex parte Taylor,* 5 *Cowen,* 39. 3 *Hill's Rep.* 670 *to* 674.) After indictment the court may look into the record to see what the evidence was. (*King* v. *Waddington,* 1 *East,* 142.)

HURLBUT, J. It was objected by the district attorney that the 19th section of the statute referred to, is not applicable to the present case, it applying only to writs of error returnable in the supreme court. My first impression was that this objection was well founded. But upon an examination of the various provisions of this statute, I have arrived at a different conclusion. It is true that the 24th section of this statute only contemplates the judgment of the supreme court upon the writ of error; and there is no allusion to the court of last resort. But the construction contended for would in effect limit writs of error in criminal cases to the supreme court; which is contrary to the common understanding and daily practice of the courts and the profession. The 15th section provides that, (excepting in capital cases,) writs of error, upon every final judgment rendered upon any indictment, are writs of right. And it is by virtue of this provision that such writs issue as of right, and are made returnable in the court of last resort. The 19th section appears to be applicable to all cases provided for by the 15th section of the statute; so that wherever a writ of error is properly allowed under the latter section, an application to be admitted to bail would appear to be authorized under the former section of this statute. I shall assume, therefore, that this application is authorized by law. The 19th section of this statute provides that "if the offence charged in the indictment, for the removal of which such writ of error shall be allowed, be punishable by imprisonment in a state prison, or in a county jail, any officer herein authorized to allow such writ of error may allow a writ of *habeas corpus* to bring before him the defendant in such indictment, and may thereupon let him to bail upon a recognizance with sufficient sureties, conditioned that such defendant shall appear in the supreme court to receive judgment on

The People v. Lohman.

such writ of error, or in the court in which the trial of such indictment shall have been had, at such time and place as the supreme court shall direct, and that he will obey every order and judgment which the supreme court shall make in the premises."

Under this section the officer *may* let the prisoner to bail. He is to exercise a discretion, he is to act judicially, not ministerially. And in the exercise of the power there conferred, he is to be governed by such legal considerations as have hitherto properly controlled courts and officers in the discharge of their duties in similar cases. I do not understand that this statute authorizes bail to be taken whenever it can be procured. This would make the act of the officer a ministerial one; and if such were the intention of the legislature, different language would have been employed to convey that meaning. Nor do I agree with the counsel for the prisoner, that in the present case the only question for my determination is, whether bail will secure the appearance of the prisoner to abide by the judgment of the court. Bail in criminal cases rests upon a different basis. The reason for taking bail is, that the guilt of the prisoner is doubtful. When the guilt is past dispute, he ought not to be bailed. The law then demands that his punishment shall be certain—and will not tolerate any facilities for his escape.

In the present case the conviction is for a misdemeanor; but the offence involves deep moral turpitude. The sentence is for one year's imprisonment in the penitentiary; and the judgment of the sessions has been affirmed by the unanimous opinion of the supreme court. On a question of bail before indictment, the magistrate may inquire as to the guilt of the prisoner. After indictment he may, in cases not capital, look at the evidence upon which it was obtained. But at each step of the proceeding the grounds upon which the prisoner can be let to bail diminish, as the evidences of his guilt increase; because bail is not based on the grace or favor of the court, but solely on the doubt which may exist as to his guilt. After conviction and sentence, his claims to be let to bail are further diminished; but as he may still be innocent—as he may have

The People *v.* Lohman.

something to urge against the legality of his sentence—he may apply to be bailed, and if it appear that his conviction was un-just, or there is a serious doubt of his guilt, his application may be granted.   And it would seem that the statute referred to extends to him this privilege, even after his conviction shall have been adjudged to be legal by the supreme court.   But the grounds of his application must be the same as before, to wit, the doubt which may exist as to his guilt.   But at this stage of the proceeding, the legal doubts concerning the guilt of the prisoner ought to be considered as so well settled against him that the application for bail, if made to a judge at cham-bers, should be very cautiously entertained, and only granted in cases of great question and difficulty.   But the learned counsel for the prisoner contends that bail must be taken, whenever the officer shall be satisfied that it will secure the appearance of the prisoner.   In a case of misdemeanor, when a fine only has been inflicted, it may be proper to adopt this rule; for in such a case bail can be so ordered, as that it will secure the prisoner.   But where the offence is characterized by deep moral turpitude, and a sentence to imprisonment in the state prison, or in the penitentiary for a considerable period of time, has been passed, how can an officer determine whether bail will secure the appearance of the prisoner?   Experience shows that such appearance often fails.   And we have no means of deter-mining what motives may control the accused, or what may induce him to appear or disappear.   The fear of a pecuniary forfeiture would operate differently upon different persons; and the dread of punishment which they may entertain we have no means of ascertaining.   One man may easily indemnify his bail and flee—another may go away reckless of his surety's liability—and proof is never offered, nor indeed can it well be, to show what would be the probable effect of bail in a given case.   This is left to conjecture, to a speculation more meta-physical than legal; and at the best, nothing but a guess, though a judicial one, is formed in the mind of the magistrate, as to the probable consequences of admitting to bail.   The guilty, if able to give bail, might under this proceeding, escape

all punishment, while the poor and abject, whether guilty or innocent, would be held in fast custody.

It seems to me that the law arranges this matter upon a different and far more satisfactory basis. It presents as the first question, the guilt or innocence of the prisoner; and this is the same question in all cases. If the guilt is doubtful, the prisoner may be bailed; provided (and here the consideration suggested by the counsel for the prisoner has its proper place) the magistrate be satisfied that bail will secure the appearance of the prisoner. There must be a concurrence of both these, to make out a case for bail after conviction. In a case of doubtful guilt, the magistrate has less difficulty in deciding that bail will accomplish the ends of justice; because the guilt of the prisoner being uncertain, his motives for flight are greatly diminished.

There may be another ground for this application under circumstances like the present—when the life of the prisoner is seriously endangered by the imprisonment. But in the present case this is not suggested. The case rests as one of manifest guilt. The offence is not nominally a felony; but still very like it. The punishment is ignominious, and the prisoner, now struggling by every means to avoid a mild imprisonment in a county jail, and showing the utmost dislike to this restraint, and a firm resolution to escape from it, if the law will permit, asks to be admitted to bail, on the ground that her appearance will thereby be rendered certain. The answer is, that she presents nothing upon which to argue that a doubt exists as to her guilt—and even if her guilt were doubtful, I am by no means satisfied that bail would secure her appearance to answer the demands of the law. It was said on the argument that her present detention was in effect so much time added to the term of her imprisonment, and that she was suffering now in some sort an illegal and unauthorized punishment. I regard it differently. She is detained in the jail of the city, where imprisoned debtors were wont to be confined. She suffers no privation but that of her liberty. She is under no more restraint than is deemed necessary for her

safe custody. She endures no privation but such as is incident to the mildest form of imprisonment. She may provide for herself as she pleases. She is under no discipline with a view to her reformation—and no punishment can be inflicted on her until her case shall have been reviewed by the court of last resort. Any witness who is unable to procure bail for his appearance to testify in a criminal case, may be committed to the same prison, and be subjected to the same restraint. The mere knowledge of another's crime can, by our laws, operate to produce the same hardships as those of which the prisoner complains; and it has happened, as I am informed, that while a party accused has been at large on bail, the witness to prove the offence has been confined in the very prison where the applicant for bail is now lodged.

But whatever may be the hardship of this imprisonment, it cannot help the present application. And if it were material to be considered, it is enough to know that it will not endure long; since within two months from the present time the court of appeals may hear and determine the prisoner's case. The application is denied, and the prisoner must be remanded to the custody of the sheriff of New-York.

---

Same Term.　　*Edwards*, Justice.