## The People vs. Lucas Folmsbee.

A party convicted of a misdemeanor, and sentenced to imprisonment, has a right to be heard upon an application to be let to bail, under the Revised Statutes, (1 *R. S.* 765, § 19, *Edm. ed.*;) even after the execution of the judgment has commenced; where a writ of error has been allowed, with a direction that it shall operate as a stay of the execution of the judgment.

And he may, in the discretion of the justice before whom he is brought, on *habeas corpus*, be let to bail, in such a case, pending the decision of the court on the writ of error.

HABEAS CORPUS to admit to bail. This proceeding was taken under section 19 of the statue, (2 *R. S.* 765, § 19, *Edm. ed.*,) which provides for the issuing of a writ of *habeas corpus* after sentence, where a writ of error, with a stay of proceedings on the judgment, has been allowed with a view to let the prisoner to bail.

The facts of the case are as follows: The prisoner, Folmsbee, with another person, LeBaron, was convicted in the court of sessions, in Saratoga county, under an indictment charging them with an assault and battery upon a constable while in the exercise of his duty in making an arrest. LeBaron was sentenced by the court to pay a fine of $250, which he paid; and Folmsbee was sentenced to imprisonment in the county jail, at hard labor, for the period of nine months.

The prisoners made a bill of exceptions, and the same being duly settled, they sued out a writ of error, pursuant to article 2, chapter 2, part 4, title 6, of the Revised Statutes. (3 *R. S.* 1043, *5th ed.*) In the meantime, and before the bill of exceptions was settled, and of course before the issuing of the writ of error, the prisoner Folmsbee had been removed to the penitentiary, at Albany, and was there serving his term, under the judgment pronounced against him.

An application was then made for a writ of error, with a stay of proceedings on the judgment, and on examining the bill of exceptions, and after hearing counsel for the

prisoner, and the district attorney for the people, Justice Bockes granted the application, and ordered a stay of proceedings on the judgment, as authorized by the statute above cited.

An application was then made, under section 19 of the statute, for a *habeas corpus*, with a view to have the prisoner let to bail, pending the decision of the court on the writ of error. The writ was granted, directed to the keeper of the penitentiary, and was made returnable before said justice, at Saratoga Springs. The keeper produced the prisoner, pursuant to the writ, and made return that he was detained and held under the judgment of the court of sessions, above set forth. On this state of facts the prisoner asked to be let to bail, pending the decision of the Supreme Court on the writ.

*L. Varney* and *L. B. Pike*, for the prisoner.

*W. B. French*, (district attorney,) and *A. Pond*, for the people.

Bockes, J. It is insisted on the part of the people, that the writ should be discharged for want of jurisdiction, inasmuch as it is not made to appear that there is no officer in the county of Albany, where the prisoner was detained, having authority to issue the writ. This objection is based on section 24 of the statute applicable to *habeas corpus*. (3 *R. S.* 884, § 38, [24] *5th ed.*) This objection was considered by Justice Harris, in *The People* v. *Hanna*, (3 *How.* 39,) in an elaborate and well considered opinion, and was overruled. It is here unnecessary to do more than refer to that case, as the question is there fully discussed; and the decision has been universally recognized as sound, so far as I am aware.

It would doubtless have been very appropriate for me to have made the writ returnable before some officer in

the county where the prisoner was confined; and I should generally do so, but it was optional with me to do so or not, and there were considerations of convenience which I deemed of sufficient importance to require me to make the writ returnable in this county. It was much less troublesome to all parties interested in the proceeding, and also much less expensive to have the question examined and decided here.

The petition for the *habeas corpus* shows that the prisoner is, in fact, committed and detained by virtue of the final judgment of a competent court, having jurisdiction of the offense, and it is therefore insisted that the writ should be discharged.

This proceeding is not taken under the general act in relation to writs of *habeas corpus*, with a view to the absolute discharge of the prisoner. But it is taken under a specific statute, (§ 19, *above cited*,) which authorizes the issuing of the writ, after judgment, with a view to let the party to bail, pending a writ of error. The proceeding is under a special provision of law, to which the general act has no application. It is true, in this case the petition states that the prisoner is not detained by virtue of the final judgment of any competent tribunal. But it also sets out the fact of the imprisonment, and the true cause, and shows all that is necessary to bring the case within the purview of the special provision under which it is claimed the party may be let to bail. Such being the fact, and the return to the writ being made, showing the true condition of the case, it should now be considered with a view to the question in regard to the relief demanded, to wit, whether the party is entitled to be bailed, pursuant to section 19, above cited. In matters involving the personal freedom of a party, justice demands that the facts of the case should control, and that errors of statement, accidentally or ignorantly made, should be disregarded.

I think the case is before me in such form as to admit

The People *v.* Folmsbee.

of a decision on the application of the prisoner to be let to bail, under section 19, above cited. This section contemplates the admitting of a party to bail after sentence or judgment. Section 15 declares writs of error in criminal cases to be writs of right, except upon judgments rendered on indictments for capital offenses. Section 16 declares that no such writ of error shall stay or delay the execution of the judgment, or of sentence thereon, unless allowed by a justice of the Supreme Court, with an express direction that the same is to operate as a stay of proceedings on the judgment upon which the writ shall be brought. Section 17 provides for the filing of the writ. Section 18 provides for the case where the prisoner is in the custody of the sheriff where the stay is granted, and requires that officer to retain the prisoner in his custody, without executing the sentence, to abide such judgment as may be rendered upon the writ of error. Then comes section 19, which provides for the issuing of the writ of *habeas corpus*, when a stay of proceedings on the judgment shall have been directed, and authorizes the letting the prisoner to bail, pending the decision of the court on the writ of error. It is claimed and insisted that this section has application only to those cases where the prisoner still remains in the custody of the sheriff, and further, that the prisoner cannot be let to bail under this section after execution of the sentence or judgment has commenced and is in progress. But is there anything in the section itself, or in those preceding or following it, to support this position? The section is general in its terms, except as it is limited to cases where the offense charged is punishable by imprisonment in the State prison or county jail. Nor is the application of this section otherwise limited by what precedes or follows. Nor do I perceive any reason or propriety in limiting its application in the way claimed.

The purpose of the several sections relating to this subject is, *first*, to give the convicted and sentenced party a

review in all cases; *second,* a stay of the execution of the judgment in case a justice of the Supreme Court shall so direct; and *third,* to let the party to bail pending the decision of the court on the writ of error, where a stay shall be so ordered.

This purpose commends itself to one's sense of right, and is both reasonable and humane. No person should suffer actual punishment until legally convicted; and the direction of a stay of judgment by a justice of the Supreme Court is, and should be, sufficient evidence of illegality and error to warrant delay; and in offenses of minor importance, the party should in such cases be allowed his freedom on good and sufficient security, to abide such judgment as should ultimately be pronounced. The right to let to bail after sentence, where a stay is ordered under section 19, is not disputed. Such right has been often asserted and exercised. (*See note on Habeas Corpus,* 3 *Hill,* 674, [47]; *The People* v. *Lohman,* 2 *Barb.* 450; *The People* v. *Restell,* 3 *How.* 251; *Yates* v. *The People,* 6 *John.* 335, *and on pages* 280, 281, 282.)

But it is insisted that this right exists, under section 19, only in case the application be made before execution of the sentence has commenced. The section does not so declare. And the reasoning of the learned judge in *The People* v. *Lohman,* above cited, makes no such distinction. The syllabus of this case is to the effect that an application to let to bail under section 19, in all cases of a like character to this now under consideration, was appropriate, and the letting to bail became and was a matter of discretion, to be granted or denied, as the judge should deem proper.

If it be true, as claimed, that there is *no power* to bail after execution of the sentence has commenced, the prisoner, however erroneous or illegal may be his conviction and sentence, is very much at the mercy of the district attorney. It must of necessity occupy some considerable

time after conviction and sentence, to obtain the settlement of the bill of exceptions, the writ of error and the stay of judgment. In the meantime the district attorney, if so inclined, may have his subject in prison under the sentence, after which, as is claimed, the prisoner is wholly without redress. Then a stay of proceedings is valueless to him, for his prayer to be let to bail cannot be heard; and, if judgment be thereafter reversed, he is put in a condition to be retried and again sentenced. On this point Judge Edmonds pertinently remarks as follows, in the case above cited : "It is impossible that even the best regulated court should always be certain that its judgments are right. The imperfection of human testimony; the haste and excitement of a trial, and the want of familiarity with the questions of law which suddenly arise, all operate, at times, to throw doubts around the decisions of our very best courts. In such cases it is always wise that time and opportunity for a calm review should be taken, for the administration of justice wins confidence only when it is discreetly and dispassionately performed. For such a review our statutes have amply provided, in such manner, that in cases like this, it is a matter of absolute right, of which the prisoner cannot be deprived." The learned judge adds : "Of what avail would this right be if the execution of judgment could not be stayed until the completion of the review ? What sort of justice would it be to reverse the judgment of conviction, after the prisoner had served his time, in whole or in part in the prison ?" The learned judge further adds : " And it is by no means an unfrequent occurrence that prisoners are discharged from State prison by a reversal of the judgments against them." " These things," he says, " are, if possible, to be avoided, if respect for the administration of justice is to be preserved."

I do not think the provisions of the law which confers on a party the right of reviewing his trial and sentence, were intended as a sham and mockery ; nor should those

The People *v.* Folmsbee.

provisions be so construed as to permit a ministerial officer to nullify their just and humane purpose. So I think the right to let to bail should accompany the right to, and allowance of, a stay of proceedings on the judgment, in all cases and under all circumstances where a direction for such stay is authorized, (excepting, always, capital cases;) and I think the provisions of the statute, relating to a review or writ of error in criminal cases, contemplates the exercise of such right, to be exercised, of course, in the discretion of the officer to whom the application is made.

It is said that the effect of this construction of the law is to confer on the justices of the Supreme Court the right to pardon, inasmuch as the time of imprisonment runs during the operation of the stay. But the law confers this power on those officers; and the delay, whatever may be its effect, is a legal delay, and the exercise of their power to direct a stay of the execution of the judgment is confided to those officers. Undoubtedly it should be carefully and cautiously exercised. But the *power exists by law*, and this, too, as well in cases where the execution of judgment has commenced as in those where its execution has not commenced. And it is further said that if this construction be adopted, it is in the power of justices of the Supreme Court to open wide the prison doors to all convicted offenders against the laws. Undoubtedly it is within the *power* of those officers so to do, in many cases. This power is confided to the judgment and judicial discretion of those officers. And it is but right, and the commonest justice, that they should exercise this power, when it is made to appear on bill of exceptions that the conviction is illegal or erroneous. Even the admitted guilty must be legally tried and convicted according to the rules and forms of law, before they should be punished.

I have arrived at the conclusion that a party has a right to be heard on an application to be let to bail, under sec-

The People *v.* Folmsbee.

tion 19, above cited, even after the execution of judgment has commenced, where a writ of error has been allowed in his case, with a direction that it shall operate as a stay of the execution of the judgment.

I think in this case, too, that the prisoner should be let to bail pending the decision of the court on the writ of error. I think I ought so to exercise my discretionary power. It must be assumed on this application that there is probable error in the conviction and sentence, inasmuch as the writ of error is granted with a stay of proceedings.

The granting of the stay may have been improvident, and a mistake of judgment on my part, but that point cannot be considered on this motion, as that question is not before me for review.

The prisoner must, therefore, be let to bail on complying with the provision of section 19, above cited. The order will determine the amount of bail and condition.

[Before *Bockes*, J., at *Chambers*, Saratoga Springs, September 5, 1871. Affirmed at a GENERAL TERM, for the THIRD DEPARTMENT, held at Schenectady, November 14, 1871. *Miller*, P. J., and *Daniels* and *Parker*, Justices.]