## SUPREME COURT.

The People *ex rel.* Edward Cowley agt. Peter Bowe, sheriff, &c., and James Finn, warden, &c.

*Habeas corpus — power of court to grant stay of proceedings and admit prisoner to bail — under what circumstances application to admit to bail should be entertained.*

The provision of the *habeas corpus* act (2 *R. S., p.* 584, *sec.* 22 [*Edmond's ed.*]), excluding from its benefits persons committed or detained by virtue of the judgment or decree of a "competent tribunal," only applies where the tribunal had jurisdiction under some circumstances.

The prohibition contained in said act (2 *R. S.,* 568, *sec.* 42), forbidding an inquiry upon return to the writ into "the legality and justice of any process, judgment, decree or execution," specified in the provision above referred to, does not take from the court or officer having jurisdiction of the writ the power, or relieve from the duty of determining whether the judgment or process emanated from a court of competent jurisdiction, and whether the court had the power to give the judgment or issue the process.

Where a writ of *habeas corpus* has been issued, under the provision of the nineteenth *section of article* 2 *of title* 6 *of chapter* 2 *of part* 4 *of the Revised Statutes,* there can be no doubt of the power of the court or offi-

cer after issuing such writ in a proper case to grant a stay of proceedings, and, also, admit a prisoner to bail.

The application is addressed, however, to the sound discretion of the court. It is not the right of the prisoner, after conviction, to be let to bail, nor does the bare possibility that an error may have been committed entitle a prisoner to be bailed.

After indictment, trial and conviction, an application should be entertained to admit to bail only in cases of great question and difficulty.

*Special Term, February,* 1880.

*Mr. Brooke,* for relator.

*Mr. Bell,* assistant district attorney, for respondent.

LAWRENCE, *J.* — The relator is brought before me upon a writ of *habeas corpus,* and application is made that he be admitted to bail, pending an appeal taken by him on a writ of error from the judgment of the court of general sessions of the peace, in and by which it was ordered and adjudged that the relator, for the misdemeanor of which he had been convicted by the jury, should be imprisoned in the penitentiary of the city of New York, for the term of one year, and pay a fine of $250, &c.

The indictment under which the relator was found guilty was framed under the fourth section of chapter 122 of the act of 1876, entitled "An act to prevent and punish wrongs to children."

The section reads as follows: "Whoever having the care or custody of any child shall willfully cause or permit the life of such child to be endangered, or the health of such child to be injured, or who shall willfully cause or permit such child to be placed in such a situation that its life may be endangered or its health shall be likely to be injured, shall be guilty of a misdemeanor."

The respondents return in answer to the writ, a transcript of the indictment and of the judgment of the court of general sessions showing the arraignment of the prisoner, his plea of

not guilty, the joinder in issue, the trial before the recorder and a jury, the verdict of guilty by the jury and the judgment pronounced by the recorder.

The Revised Statutes declare that where, upon a return to a writ of *habeas corpus*, it shall appear that the party suing out the writ is detained in custody by virtue of the final judgment or decree of any competent tribunal of civil or criminal jurisdiction, or by virtue of any execution issued upon such judgment or decree, he shall not be entitled to prosecute the writ of *habeas corpus* (2 *R. S., p.* 584, *sec.* 22 [*Edmond's ed.*]).

And, again, by section 42 of article 2 of title 1 of chapter 9 of part 3 of the Revised Statutes it is provided: "But no court or officer on the return of any *habeas corpus* or *certiorari* issued *under this article* shall have power to inquire into the legality or justice of any process, judgment, decree or execution specified in the preceding twenty-second section" (*Sec.* 2, *R. S., p.* 589 [*Edmond's ed*]).

The court of appeals, in *People ex rel. Tweed* agt. *Liscomb* (60 *N. Y.,* 559), held that the prohibition contained in the above section does not take away from the court or officer having jurisdiction of the writ the power, or relieve from the duty of determining whether the judgment or process emanated from a court of competent jurisdiction, and whether the court had the power to give the judgment or issue the process. That jurisdiction of the person of the prisoner and of the subject-matter are not alone conclusive, but the jurisdiction of the court to render the *particular judgment* is a proper subject of inquiry, and while the court or officer cannot, upon return to the writ, go behind the judgment and inquire into alleged errors and irregularities preceding it, the question is presented, and must be determined, whether, upon the whole record, the judgment was warranted by law and was within the jurisdiction? Bearing in mind this exposition of the powers and duties of an officer before whom a writ of *habeas corpus* has been made returnable, I declined to dismiss this writ in the first instance, on the ground urged by the district attorney,

that it appeared, on the face of the petition on which the writ was issued, that the relator was detained under the judgment of a competent tribunal of criminal jurisdiction, there being an averment, also, in the petition that such judgment was contrary to, and in violation of, law and held that it was not only my right but my duty to hear counsel and to examine the judgment and proceedings for the purpose of ascertaining whether the court had jurisdiction to render the judgment. An examination of the indictment, and of the subsequent proceedings down to and including the judgment pronounced by the recorder, fails to reveal either any want or excess of jurisdiction in the court of general sessions. The crime of which the relator was convicted is declared to be a misdemeanor and, as the statute of 1876 does not prescribe any particular mode of punishment or penalty therefor, it is properly punishable, under the general provision of the Revised Statutes, by imprisonment in a county jail, not exceeding one year, or by a fine, not exceeding $250, or by both such fine and imprisonment (2 *R. S., p.* 719, *sec.* 40 [*Edmond's ed.*]).

It is quite evident, therefore, that unless there are some other provisions of law which bear upon this case it is my duty to remand the prisoner (*See People* agt. *Neilson*, 16 *Hun*, 214; *People ex rel. Phelps* agt. *Oyer and Terminer*, 14 *Hun*, 21).

In this case a writ of error has been allowed, but no bill of exceptions has, as yet, been made up, in consequence of the inability of the stenographer, during the short time which has elapsed since the trial, to have his notes fully transcribed. Neither has a stay of proceedings been granted upon the writ of error.

By the nineteenth section of article 2 of title 6 of chapter 2 of part 4 of the Revised Statutes it is provided that: "If the offense charged in the indictment, for the removal of which such writ of error shall be allowed, be punishable by imprisonment in a state prison, or in a county jail, any officer

herein authorized to allow such writ of error may allow a writ of *habeas corpus* to bring before him the defendant in such indictment, and may, thereupon, let him to bail upon a recognizance, with sufficient sureties, conditioned that such defendant shall appear in the supreme court to receive judgment on such writ of error, or in the court in which the trial on such indictment shall have been had, at such time and place as the supreme court shall direct, and that he will obey every order and judgment which the supreme court shall make in the premises " (2 *R. S., p.* 765 [*Edmond's ed.*] ).

It was under this provision, and not under the general act in relation to writs of *habeas corpus,* that the writ in this case was granted. And there can be no doubt of the power of the court or officer, after issuing such writ, in a proper case, to grant a stay of proceedings and, also, to admit a prisoner to bail. Such power has frequently been asserted and exercised (*See People* agt. *Folmsbee,* 60 *Barb.,* 481; *People* agt. *Lohman,* 2 *Barb.,* 450 ; *People* agt. *Restell,* 3 *How. Pr. Rep.,* 251 ; *and, see note on habeas corpus,* 3 *Hill,* 674 [47] ).

The application is addressed, however, to the sound discretion of the court. It is not the right of the prisoner, after conviction, to be let to bail. HURLBUT, J., in the case of the *People* agt. *Lohman* (2 *Barb.,* 454), in commenting upon the power given, to let to bail, after conviction and sentence, well says : " On a question of bail, before indictment, the magistrate may inquire as to the guilt of the prisoner. After indictment he may, in cases not capital, look at the evidence upon which it was obtained. But at each step of the proceeding, the grounds upon which the prisoner can be let to bail, diminish as the evidences of his guilt increase, *because bail is not based on the grace or favor of the court, but solely on the doubt which may exist as to his guilt. After conviction and sentence his claims to be let to bail are further diminished; but, as he may still be innocent, as he may have something to urge against the legality of his sentence, he may apply to be bailed, and if it appear that his conviction was unjust, or*

there is a serious doubt of his guilt, his application may be granted. &ast; &ast; &ast;

"*But, at this stage of the proceeding, the legal doubts concerning the guilt of the prisoner, ought to be considered as so well settled against him, that the application for bail, if made to a judge at chambers, should be very cautiously entertained and only granted in cases of great question and difficulty.*" Applying the rule so clearly stated by HURLBUT, J., I am of the opinion that this is not a case in which a justice of this court, sitting at chambers, should admit to bail. As there is no formal bill of exceptions before me, it is impossible for me to say whether, in the course of the protracted trial, some error may not have been committed, to the prejudice of the prisoner.

But the bare possibility that an error may have been committed does not entitle the prisoner to be bailed. After indictment, trial and conviction, as has been above shown, an application should be entertained to admit to bail only in cases " of great question and difficulty." The points which were made by the learned counsel for the relator in regard to the errors alleged to have been committed upon the trial, struck me as being rather of a technical than of a meritorious character, and the criticism upon the phraseology of the indictment, to the effect that it should have concluded against the form of the *statutes* instead of against the form of the *statute*, is too refined to be worthy of consideration on this application.

So, too, in respect to the objections to the charge of the recorder. I certainly am not prepared to say on the informal record before me that the recorder entirely misapprehended the statute under which the indictment was found, or that he did not fairly apply, or correctly appreciate, the precise force or meaning of the English authorities to which reference was made in his charge.

To conclude; the prisoner has, so far as can be discovered from the papers before me, had a perfectly fair and impartial

trial, and after such trial has been sentenced to undergo the punishment prescribed by the law of the land. The court which tried him had complete and ample jurisdiction over his person and the subject-matter. No grave error or question of great difficulty or doubt is shown to have been committed, or to have arisen upon the trial, and every presumption is in favor of the justice and validity of the judgment.

It follows, therefore, that the writ must be dismissed and the prisoner remanded.