## UNITED STATES v. HUDSON.

(District Court, W. D. Arkansas. August 27, 1894.)

1. BAIL BOND—EFFECT, WHEN INVALID.
    An invalid bail bond is not binding on either principal or sureties.

2. SAME—VALIDITY.
    To make a bail bond valid, it must be taken by competent legal authority; it must be in correct legal form. To make it a good and sufficient bail bond the sureties must be sufficient.

3. SAME—POWER OF JUSTICE OF SUPREME COURT.
    Mr. Justice White could not, under paragraph 2, rule 36, of the supreme court of the United States (11 Sup. Ct. iv.), make the order made by him in this case, for he was neither a circuit or district court of the circuit and district where Hudson was tried, nor a justice or judge thereof. Under the order of the supreme court allotting the judges thereof, he was a justice of the supreme court for the Fifth, and not for the Eighth, circuit. As such, he could not, under paragraph 2, rule 36, of the supreme court, make an order admitting Hudson to bail.

4. SAME—CONVICTION OF FELONY—EFFECT OF APPEAL.
    By section 5, establishing a court of appeals (26 Stat. 827), any one convicted of a capital or infamous crime may take, by writ of error or appeal, his case to the supreme court of the United States. The statute made no provision for bail of party convicted after conviction and sentence, pending appeal or writ of error. No statute of the United States is broad enough to authorize bail in such a case after conviction and sentence.

5. SAME.
    Bail was not allowed by the common law after conviction and sentence.

6. SAME.
    Bail is a great right, which is secured by law. To secure it, under the laws of the United States, requires a statute guarantying it.

7. SAME—RULE OF SUPREME COURT.
    On May 11, 1891, the supreme court made the following rule, known as paragraph 2, rule 36: "Where such writ of error is allowed in cases of conviction of infamous crimes, or in any other criminal case in which it will lie under sections 5 and 6, the circuit court or district court, or any justice or judge thereof, shall have power, after the citation is served, to admit the accused to bail in such sum as may be fixed." The supreme court could not make this rule, as the common law does not give the right to say that bail shall be allowed after conviction and sentence, pending an appeal or writ of error. No statute of the United States expressly or impliedly provides it may do so. It cannot do so under its power to make and establish all necessary rules for the orderly conduct of business in the court, and to prescribe the mode and form of proceeding so as to attain the object for which jurisdiction was given in all cases where congress has not legislated, for business may be conducted in an orderly way, and the object for which jurisdiction was given may be fully attained, whether the party is in jail or on bond.

8. SAME—STATUTORY AUTHORITY.
    Bail is a right that belongs to a party, because the law secures it to him, and a court cannot grant it without authority to do so by law.

**9. SAME.**
     The supreme court having no power to make paragraph 2, rule 36, any bond taken under such rule is void, and the principal and sureties are not bound by it.

(Syllabus by the Court.)

Jas. B. McDonough, Asst. Dist. Atty., for the United States.
Wm. M. Cravens and C. J. Frederick, for defendant.

PARKER, District Judge.   The defendant, at the May term, A. D. 1894, of this court, was convicted by a verdict of the jury of an assault with intent to kill.   He was subsequently, at said term, sentenced to imprisonment at hard labor in the penitentiary of Kings county, N. Y., for a term of four years.   He filed his motion for a new trial, which was overruled.   He then tendered his bill of exceptions, which was signed by the court, and filed.   He then filed with the clerk his assignment of errors.   Upon Monday, August 6, 1894, the judge of this court made the following order:

"Ordered, that, upon the filing of an assignment of errors in the above-entitled cause, the clerk of this court shall issue a writ of error taking this case to the supreme court of the United States, in order that any alleged errors may be corrected if found to exist by said supreme court."

By request of counsel for the defendant, the writ of error was not immediately issued by the clerk, because said counsel stated that they had not yet determined whether they would take the case to the supreme court.   Notwithstanding this, before the clerk had issued the writ, the defendant, by petition, applied to Mr. Justice White, one of the associate justices of the supreme court of the United States, for a writ of error, a supersedeas, and for bail pending the case on writ of error in the supreme court.   On the petition filed for defendant by his counsel, Mr. Justice White, on August 14, 1894, made this order:

"Writ of error, to operate as a supersedeas allowed, returnable according to law, the defendant to furnish bond in the sum of five thousand dollars, conditioned according to law, subject to the approval of the district judge.
"Washington, August 14th, 1894.
     "[Signed]                                        E. D. White,
                              "Associate Justice, Supreme Court, U. S."

It may be remarked in this connection that this is one of the most important questions that ever presented itself to this court; for, if bail is taken upon this order, and it is not warranted by law, then the bail bond is void, and the sureties would not be responsible. It affects the very integrity and efficiency of the administration of justice.

I am not specially concerned in the examination of the issue before us as to the first part of the order of Mr. Justice White. However, it may be noticed in connection with that order that the writ of error is to operate as a supersedeas, without requiring any bond for cost.   The writ of error in a case of this kind must be prosecuted at the expense of the defendant.   To secure a stay by supersedeas in a civil case, it would be necessary to first file a bond

for the payment of all costs. The question may be asked whether it is not necessary in this case to file such a bond before the supersedeas could operate as a stay of execution. The bond ordered by Mr. Justice White is not a bond for costs, but a bond to secure the appearance of the defendant when and where he may be required to appear. A mere order in a civil case for a supersedeas would not operate as a stay of execution until a bond for costs was filed. If this be the rule in a civil proceeding, is it not much more important that it should be the rule in a criminal proceeding?

But the material question that I, as a district judge, must determine, is whether the bond taken as ordered by Mr. Justice White would be valid. To be effective and binding on the principal and sureties, it must be valid. Then, again, has the judge of this court, under the circumstances of this case, anything to do with the validity of this bond to be approved by him as ordered? Should he approve it if invalid? Does his duty call on him to see to its validity? Most certainly, because one of the highest duties, in order to secure an effective administration of justice, is to allow bail, and pass upon its sufficiency, in cases where authorized by law. What is necessary to make a bail bond valid? First, it must be taken by competent legal authority; second, it must be in correct legal form; third, to make it a good bail bond, the sureties on it must be sufficient. All of these propositions enter into the validity and sufficiency of the bond. Mr. Justice White allowed the defendant bail as provided by his order above referred to. He admitted the party to bail, and ordered that the bail bond be subject to the approval of the judge of this court. Could he admit to bail? Could he declare that the defendant should be bailed?

On May 11, 1891, the supreme court of the United States promulgated the following, as a second paragraph of rule 36, to wit:

"Where such writ of error is allowed in case of conviction of infamous crime, or in any other criminal case in which it will lie under sections 5 and 6, the circuit court or district court, or any justice or judge thereof, shall have power, after the citation is served, to admit the accused to bail in such amount as may be fixed." 11 Sup. Ct. iv.

Section 5 of the act establishing a circuit court of appeals, approved March 3, 1891 (26 Stat. 827), gives the right of appeal or writ of error on conviction of capital or otherwise infamous crimes. Its language in defining the jurisdiction of the supreme court of the United States in cases of appeal and writs of error is as follows: "In cases of conviction of capital or otherwise infamous crimes." Neither this section nor any part of said act says anything about supersedeas or bail or admission to bail. The only authority for bail in cases of writs of error to be had after conviction of infamous offenses is the second paragraph of rule 36. There is no statute on that subject, as there is in cases of writs of error in capital cases. In capital cases it is provided for by the act of February 6, 1889 (Supp. Rev. St. U. S. [2d Ed.] p. 639). Rule 36 of the supreme court limits the courts and judges who are to admit bail. There are two words of limitation,—the word "the" and the

word "thereof." "The" is the word used before nouns, with a specifying or particularizing effect, opposed to the indefinite or generalizing force of "a" or "an." The word "thereof" means "of that; of it." This word "thereof" limits the words "justice or judge" to a justice or judge of the courts above specified; that is, manifestly, the circuit or district courts of the circuit where the case was tried. This rule is capable of the construction that the supreme court intended to say that the party should be admitted to bail by the court which tried the case. If it was tried by a circuit court, then he might be admitted to bail by such court, or by any judge or justice thereof. If he was tried by a district court, he might be admitted to bail by the judge who tried him in such court. This is manifestly the interpretation placed upon the rule by Judge Benedict in the case of U. S. v. Simmons, 47 Fed. 724. In his opinion the learned judge says:

"The rules of the supreme court of the United States permit persons convicted, when they appeal to the supreme court of the United States, to be admitted to bail, but leave the question of admitting to bail to the discretion of the court below."

The court below means the court which tried the case. This is in the interest of justice. Such court knows the character of the case, knows the character of the defendant (and this may be taken into account on a question of bail), and the qualifications of the sureties offered. And, as this rule is clearly discretionary, the court which tried the accused, if justice is to be administered and the law enforced, is the only court capable of exercising a sound discretion on the subject, because of the want of knowledge in courts which had nothing to do in trying the case. Can it be presumed by Mr. Justice White or other gentlemen that courts will arbitrarily disregard their duty? Can that be said in regard to the matter of bail? Can that be said of this court, which for 20 years has pursued the most liberal policy of any court in America on the subject of bail, and in passing on the sufficiency of sureties? But suppose that we take the other construction of this rule, and say that it means that the bail might be taken by the circuit court of the circuit where the trial for the crime was had, or the district court which tried the case, or by any justice or judge thereof. While the more reasonable construction is that the supreme court meant that it should be taken only by the court which tried the case, still, if it was intended to give the circuit court of the circuit where the case was tried, or any justice or judge thereof, the power to bail, it was not intended to give any district court, or judge thereof, other than the court which heard the case, or the judge thereof, power to bail, for the district court judge can do nothing out of his district. But, upon either construction, let us see if Mr. Justice White comes within the description of any of the courts or persons named in this rule. The rule, when it speaks of a justice thereof, evidently must mean a justice of the circuit court; for, as I have said, the word "thereof" means "of that court" or "of that circuit court" in which the case was tried. There is no such officer

as a justice of the district court. Who is the justice of the circuit court of this circuit?

Section 605, Rev. St. U. S., provides as follows:

"The words 'circuit justice' and 'justice of a circuit,' when used in this title, shall be understood to designate the justice of the supreme court who is allotted to any circuit; but the word 'judge' when applied generally to any circuit, shall be understood to include such justice."

Section 606 of the Revised Statutes provides:

"The chief justice and associate justices of the supreme court shall be allotted among the circuits by an order of the court, and a new allotment shall be made whenever it becomes necessary or convenient by reason of the alteration of any circuit, or of the new appointment of a chief justice or associate justice, or otherwise. If a new allotment becomes necessary at any other time than during a term, it shall be made by the chief justice, and shall be binding until the next term and until new allotment by the court."

It will be seen that section 605 provides that "'circuit justice' and 'justices of a circuit,' when used in this title, shall be understood to designate the justice of the supreme court who is allotted to any circuit." The last-named section provides for the method of allotment. Then, under the law, it is the allotment that makes them justices of the circuit courts. On the 2d of April, 1894, the last allotment was made by an order of the supreme court. This order is to be found in 152 U. S. 711, 14 Sup. Ct. x. Associate Justice White was allotted to the Fifth circuit. That makes him a justice of the circuit court of the Fifth circuit. Mr. Justice Brewer was allotted to the Eighth circuit. He is the only justice of the circuit court of this circuit. Hence, Mr. Justice White is not one of the judicial officers mentioned in the second paragraph of rule 36, when you apply the designation of such officer to this court; and he is, consequently, without authority to make the order to admit bail to this circuit.

It was claimed in the argument by counsel that, this case being in the supreme court, and Mr. Justice White being an associate justice of such court, he could admit to bail. When the order to admit the defendant to bail was made in this case, on the 14th day of August, 1894, no citation had been served. The acknowledgment of service of said citation was made by the district attorney of this district on the 21st of August, 1894, seven days after the making of the order by Mr. Justice White. Then there was no service of citation at the time of the making of the order. Hence the case could not be in the supreme court when the order was made. But, if it was in the supreme court, such court has said, by its rule, who shall bail in cases like this; and it has not said an associate justice as such of the supreme court shall admit to bail, but he must be a judicial officer, known to the law as a "justice" of a "circuit court," and this character can come alone by allotment. If the justice of any circuit court, whether in the circuit or not, can make an order admitting to bail, then, under the language of this rule, any circuit judge or district judge can admit to bail, no matter whether of the circuit or district where the case was tried or not. The dis-

trict judge of Oregon, under such construction, could admit a man to bail who was tried and convicted in the district of South Carolina. This never was intended. I take it that the proposition is clear that Mr. Justice White had no right to make the order for bail. No one could make it, under the rule of the supreme court, until "after citation is served." As I have already said, it had not been served when the order of bail was made, and was not served until seven days afterwards. This alone would make the order invalid.

Again, the power to admit bail by the circuit judge, the circuit justice, or the district judge is with all such officers a discretionary power; for the language of the rule is not that they shall or must admit to bail, but that they shall have the power to admit to bail. This undertakes to give them the power to do it, of course taking into consideration a wise administration of justice, leaving to their sound discretion the question of admitting to bail. It will be observed, under the language of this rule, that, under certain circumstances, their power, while being discretionary, is equal. It may be asked, where the powers are the same in three different judges, and these powers are discretionary in all, can one of these three judges make an absolute order on any one of the other judges to perform a discretionary judicial function or duty? The question answers itself. On the grounds above named, the order of Mr. Justice White must be held to be without authority of law.

But it has been said, why not take the bail under the order of Mr. Justice White, although such order may be without authority of law? And the question is further put whether or not a bond taken under such circumstances would not be good anyhow. Most certainly not. The authorities are uniform on that subject. "Bonds to secure the appearance of a person charged with crime must be taken and executed in pursuance of the order of the proper court or officer." U. S. v. Goldstein's Sureties, 1 Dill. 413, Fed. Cas. No. 15,226. In U. S. v. Horton, 2 Dill. 94, Fed. Cas. No. 15,393, Judge Dillon says: "It is settled that bonds are valid only when taken in pursuance of law and the order of a competent court." It is said by the court in the case of State v. Buffum, 2 Fost. (N. H.) 267, when speaking of the liability of sureties on bail bonds: "They are liable in any case only upon the ground that they enter into a recognizance ordered by a tribunal having authority to act in the premises." "It is the essence of authority understood by the bail or surety of another that there should have been a valid obligation comprehended." U. S. v. Hand, 6 McLean, 274, Fed. Cas. No. 15,296. "Bail taken by a court without jurisdiction, or by an officer without authority, is void." State v. Wininger, 81 Ind. 51; Dickinson v. State (Neb.) 29 N. W. 184; State v. Jones, 3 La. Ann. 10; Gray v. State, 43 Ala. 41; Jacquemine v. State, 48 Miss. 280; Branham v. Com., 2 Bush, 3; Com. v. Roberts, 1 Duv. 199; Com. v. Fisher, 2 Duv. 376; Dugan v. Com., 6 Bush, 305; Harris v. Simpson, 14 Am. Dec. 101; State v. McCoy, 1 Baxt. 111; Wallenweber v. Com., 3 Bush, 68; Williams v. Shelby, 2 Or. 144; Schneider v. Com., 3 Metc. (Ky.) 409; Blevins v. State, 31 Ark. 53; Cooper v. State, 23 Ark. 278; State v. Nelson, 28 Mo. 13; State v. Hays, 4 La. Ann. 59; State v. Vion, 12 La. Ann. 688; Holmes v.

State, 44 Tex. 631; State v. Berry, 8 Me. 179; State v. Russell, 24 Tex. 505; Com. v. Loveridge, 11 Mass. 33; Com. v. Otis, 16 Mass. 198; Com. v. Canada, 13 Pick. 86; Powell v. State, 15 Ohio, 579; State v. Clark, 15 Ohio, 595; People v. McKinney, 9 Mich. 444. Then I take it, if I approve the bail bond in this case, it is one which is necessarily invalid, because ordered to be taken without authority. But we hear it said that bail may be taken under the circumstances of this case in the interest of liberty. Nothing is in the interest of liberty that is unauthorized by law. That is the source of liberty in this country, and, when an act is done without warrant of law, it is against liberty, because it is in violation of the law of the land. If bail is taken which is unauthorized, the party bailed is licensed to go hence without day, and such an act upon the part of the court would be an act not in the interest of the enforcement of the law, or the administration of justice, and consequently it would be an act against liberty, because a faithful administration of the law is necessary to secure the protection of each and every citizen in the great cardinal rights of life, liberty, and property, and this, and this only, means liberty. All the liberty we know anything about under this government is liberty regulated by law. Everything else is licentiousness, because it gives to each person the right to trample upon the rights of all others. If bail is authorized, then its allowance is in the interest of liberty. If not authorized by law, and taken by a court, it is in the interest of crime and criminals, for it is to turn them loose to prey upon their fellows. It must be remembered that we, as courts, are not lawmakers; and, if the order in this case is not authorized by law, we cannot impart validity to an invalid bail bond that might be taken under it.

There is another important question in this case, and it is one which involves the power of the supreme court to make that part of rule 36 which declares that a party convicted of an infamous offense, after conviction, pending appeal, shall be admitted to bail at all, when, as I conceive, congress has failed to make any provision upon that subject. It is with the most extreme diffidence that I put this proposition simply as a quaere, because it touches the power of the highest judicial tribunal in this country to make rule 36, declaring that parties can be admitted to bail after conviction. But it must be remembered that, if bail bonds which are taken are void, large numbers of persons in this jurisdiction can give such bonds, and go Scot-free. It must be remembered, further, that the fact exists that the taking of valid bonds rests with the trial court, and such trial court must be held to a strict responsibility for the taking of such bonds. It is a sense of duty that prompts me to allude to this branch of the question. The quaere is, is there any power in any one to admit to bail in a case like the one before us? As I have said, section 5 of the act of congress above referred to provides for writs of error and appeals, but it does not provide for bail to be tendered pending appeal or writ of error. No statute of the United States provides for it. It is clear to my mind that the eighth amendment to the constitution, which provides excessive bail shall

not be required, is not self-executing. It requires the legislation of congress to make provision for the method of its execution. I am equally clear that this provision of the constitution applies to per-' sons who are accused, but before trial and conviction.

In Ex parte Scwartz, 2 Tex. App. 75, it is declared: "The constitutional guaranty of the right of bail is not operative after trial and conviction." The same principle is recognized in Ex parte Ezell, 40 Tex. 451. That was a case where it was held that a statute denying bail to a prisoner after conviction and pending appeal was valid, and consequently held that the constitutional guaranty of bail did not apply to a case after conviction. Hurd, Hab. Corp: 78, 90, 92, declares the same principle. Hallum's Const. Hist. 140. I have found no case against this principle. Indeed, as far as my observation goes, there is but one line of authorities. The English common law did not give the right to bail after conviction and sentence, but it is now secured in England by statute.

It may be remarked that in the states the admission to bail after conviction and pending appeal only exists in cases of conviction for a felony, when it is regulated by express statute, and then it is always left discretionary with the trial court. Davis v. State, 6 How. (Miss.) 399; Ex parte Dyson, 25 Miss. 356; People v. Lohman, 2 Barb. 450; People v. Folmsbsee, 60 Barb. 480; People v. Bowe, 58 How. Pr. 393; State v. Connor, 2 Bay, 34; State v. Frink, 1 Bay, 168; State v. Ward, 2 Hawks, 443; State v. Rutherford, 1 Hawks, 457; State v. Daniel, 8 Ired. 21; Miller v. State, 15 Fla. 575; Corbett v. State, 24 Ga. 391; Ex parte Ezell, 19 Am. Rep. 32; Ex parte Voll, 41 Cal. 29; Ex parte Smallman, 54 Cal. 35; Ex parte Marks, 49 Cal. 681; Ex parte Hoge, 48 Cal. 3; Ex parte Brown (Cal.) 8 Pac. 829; 2 Am. & Eng. Enc. Law, p. 11 (where it is declared that, after sentence or commitment, no bail will be allowed); Church. Hab. Corp. 419; Corbett v. State, 24 Ga. 391; Bish. Cr. Pr. (3d Ed.) 254; Ex parte Percy, 2 Daly, 531; People v. Lohman, 2 Barb. 450. As I have said, in all the states where the right of bail is allowed after conviction, it has been given by statute, and it has never been exercised after conviction without a statute declaring that it might be given. Conviction means after the verdict of the jury. Ex parte Brown, 8 Pac. 829, a decision by the supreme court of California. The supreme court of California in the above case said:

"We think it settled law in this state by the judgments of the courts [in many cases to which the court refers] that this court ought not to admit to bail after a verdict of guilty, unless when circumstances of an extraordinary character have intervened since the conviction."

This is when the statute authorizes bail. This tells us what is the sound discretion to be exercised when there is discretionary power to admit to bail.

The question in the case is not what ought to be, but what is. Does the power exist to bail after conviction in the class of cases like this of Hudson, either by the common law, the constitution of the United States, or by the respective statutes passed in pursuance thereof, on the subject of bail? Of course, no one could deny that congress could pass a law allowing bail after conviction; but has it

done so? No provision is made in any of the laws of the United States for bail after conviction in a case of this kind. There is no federal statute on the subject of bail bonds after conviction. Ex parte Murphy (Okl.) 29 Pac. 652. Has the supreme court been given power to provide by rule for admission to bail in cases of this kind? It has not by the express or implied language of any statute upon the subject of bail. Sections 1014, 1015, and 1016, Rev. St. U. S., clearly have reference to bail for parties under arrest, before trial. This is the legislative interpretation of this provision of the law, as shown by section 1017, having reference to bail in criminal cases removed from the state courts. This interpretation is also shown by the act of congress of March 3, 1879 (20 Stat. 354), relating to appeals and writs of error in criminal cases from the judgment of a district court to take the case to the circuit court. Bail is expressly provided for by the second section of such act after conviction, and while the case is pending in the appellate court. Now, a circuit court has the right to make all needful rules and regulations touching its procedure not in conflict with the laws or constitution of the United States. The supreme court has the same power. If the supreme court can determine when bail shall be given, so could it say in the class of cases removed from the state supreme court to it; and the circuit court, under the provision as to its making needful rules and regulations regulating its method of procedure, could determine that a case taken by writ of error or appeal from the district court to it should be bailable; yet congress, in both of these cases, has construed the powers of these courts otherwise, because it has deemed it necessary that the matter of bail in these cases of appeals and writs of error should be determined by positive enactment. The fact that the sections above quoted, relating to the bailing of parties charged with crime, have reference only to crimes before conviction, has been determined by judicial action of the supreme court in adopting paragraph 2 of rule 36; for, if the right to bail existed by virtue of these sections, it was already provided for, and the sections provide who shall take it, and, by the construction of the court, these sections did not apply to cases of bail after conviction and pending appeal or writ of error. If so, why prescribe the rule? It would be unnecessary, for there would already be a statute giving the right to bail, and expressly providing who might take it. Hence we say that we find in all legislative and judicial interpretations on the question of bail by sections 1014, 1015, and 1016, and these sections of the act I have alluded to in reference to bail after conviction, a legislative intent is expressed. Where that intent is expressed to the extent it is here, and there stops, the conclusion naturally follows that congress did not intend that the right of bail could be granted in any other cases than those that it has provided for by express enactment. It is scarcely necessary that we should look to legislative or judicial construction of sections 1014, 1015, and 1016, for there is no room for the construction of these sections. Section 1014, in relation to who may arrest, and of parties arrested, among other things, declares, with reference to the parties to be arrested, "that he may be arrested and imprisoned

agreeably to the usual mode of procedure or process against offenders in such state, and at the expense of the United States, or that he may be bailed, as the case may be, before trial, before such court of the United States as by law has cognizance of the offense. * * *" This is very clear. Section 1015 confirms this interpretation, for it says: "Bail shall be admitted on all arrests." It does not say in cases of appeal or writs of error.

The supreme court has a right to make and establish all necessary rules for the orderly conduct of business in said court, and may prescribe the mode and form of proceeding so as to obtain the object for which jurisdiction was given, in all cases where congress has not legislated. It may be remarked in this connection that all the powers belonging to the courts of the United States must come from the constitution providing for their establishment, or from acts of congress passed in pursuance of the constitution. Is granting bail a necessary rule for the orderly conduct of business? Is it a mode or form of procedure to be exercised to attain the object for which jurisdiction was given? Is not bail a legal right guarantied by the lawmaking powers? Is it in any wise a rule of practice or procedure? The mere method of granting bail may be a rule of procedure, and this, and this only, is what was decided in the case of U. S. v. Rundlett, 2 Curt. 41–45, Fed. Cas. No. 16,208. But when and in what cases bail shall be granted is not a mere rule of procedure, and it must be declared by positive enactments of the lawmaking power. The circuit and district courts, by section 918, Rev. St. U. S., have the right by rule to regulate their own procedure in all cases not inconsistent with any law of congress. Would this give them the right to admit to bail in any case where congress had not provided for bail? If the supreme court can do it, the circuit and district courts can do it. The power of one as to making rules governing its procedure is as broad as the power of the other.

The principle seems to me to be true that, under our government of distributed and defined powers, the right to say when and in what cases bail may be taken must be regulated by the lawmaking power of the government. 2 Am. & Eng. Enc. Law, p. 3. That authority declares that the giving and taking bail is now limited, regulated, and controlled by statute. The lawmaking power of the United States, it seems to me, has regarded it as necessary to declare when bail may be taken, as in every case that is generally regarded as bailable congress has made provision by legislation for such bail. It happens not to have made any provision in a case like this, and the question turns upon the proposition as to whether or not the power given to the supreme court to make rules and regulations governing its practice shall be construed as a power not to make such rules governing its practice alone, but to make rules declaring the effect of its practice. Even in a civil case the statutes of the United States have declared what shall be the effect of an appeal or writ of error in such case, and what shall be done to secure a supersedeas. If it is deemed by the lawmaking power in a civil suit affecting property as necessary that express congressional leg-

islation shall provide for stay of execution on appeal or writ of error, and for the giving of bond to secure such stay, it seems to me that the reason for express power to admit to bail in a criminal case where a man's life has been jeopardized, and where, as I believe, he who has jeopardized it has had a fair trial, is much stronger than in a case of a civil proceeding, as affording security and safety to innocent human life by the certain enforcement of the criminal law of the land is more important than protecting the mere property rights of the citizen.

As I have said, if the supreme court has no power by rule to provide for bail after conviction, and pending an appeal or writ of error, in a case like this, then all bonds taken under such rule are void, and bail would amount to an absolute discharge for all time from custody in a majority of cases, as men who may be guilty are prone to stay away from courts when they do not have to go to them.   My opinion, sincerely entertained, is that the power to provide by rule that bail in a case like this might be given after conviction, pending an appeal or writ of error, has never been given to the supreme court by act of congress; that bail is a great fundamental right, to be provided for by act of congress only, and, unless congress has provided for its being taken, it cannot be taken; that the power to provide when, by whom, and how it shall be taken is a legislative power, that must be exercised by that branch of the government which possesses this power.   Honestly and sincerely entertaining these views, I, as judge of a court whose duty it is to act in the premises, could do no less than express the views I have on this question.