The Honorable Tim Wooldridge State Representative 200 College Drive Paragould, Arkansas 72450
Dear Representative Wooldridge:
This is in response to your request for an opinion concerning the publication of delinquent personal and real property lists. Specifically, you ask whether a county collector may, under A.C.A. § 26-36-203
(pertaining to delinquent personal property taxes) or A.C.A. § 26-37-107
(pertaining to delinquent real property taxes), remove a taxpayer's name prior to the second publication if the taxpayer makes timely payment of the delinquent taxes after the first publication.
In my opinion the statutes do not directly address this question, and neither expressly permit nor prohibit the conduct you suggest. In addition, there appears to be no helpful Arkansas case law on point. A careful reading of A.C.A. §§ 26-36-203 and 26-37-107, however, reveals that the removal of a paying taxpayer's name in the interim period between the two publications is not contemplated.
The first statute you have cited pertains to the publication of a list of delinquent personal property taxes. It states in relevant part that:
 (a) Before December 1 in each year, the collector of taxes shall prepare a list of delinquent personal property taxes and deliver a copy of the list to a legal newspaper of the county. Within seven (7) days thereafter, the newspaper shall publish the first insertion of the list, which shall be published two (2) times in successive weeks.
This statute requires the preparation of "a list" by the collector. The statute then provides that "the list" must be delivered to a legal newspaper of the county. Within seven days thereafter the newspaper must publish the first insertion of "the list" which list shall be published two times in successive weeks. This language, in my opinion, contemplates the preparation and publication of only one list, and does not envision changes or alterations in the list after its delivery to the legal newspaper.
Similarly, the statute governing the publication of the delinquent real property tax list appears to contemplate the preparation and publication of only one list, without subsequent alterations. Section 26-37-107
provides in relevant part that:
 (a)(1)(A) The collectors of the counties of this state shall cause the list of the delinquent lands in their respective counties to be prepared and a copy of the list to be delivered to a legal newspaper of the county by no later than December 1 of each year.
 (B)(i) Within seven (7) days thereafter, the newspaper shall publish the first insertion of the list of delinquent lands, which list shall be published two (2) times in successive weeks.
Again, this language refers to publication of "the list." The article "the" has been held to be a word of limitation. It is a word used before nouns with a specifying or particularizing effect, as opposed to the indefinite or generalizing force of "a" or "an." See People v. Enlow,135 Colo. 249, 310 P.2d 539 (1957); McClanahan v. Woodward Const. Co.,77 Wyo. 362, 316 P.2d 337 (1957); Hoffman v. Franklin Motor Car Co.,32 Ga. App. 229, 122 S.E.2d 896 (1924); State v. Campbell, 210 Mo. 202,109 S.W. 706 (1908); Succession of Dupre, 116 La. 1090, 41 So. 324 (1906); and United States v. Hudson, 65 F. 68 (W.D. Ark. 1894).
It is therefore my opinion, although there is no controlling precedent on the question, that the statutes you have cited do not contemplate the removal of a paying taxpayer's name between the first and second publications of the delinquent tax lists.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh