Parsons, C. J.
It is very clear, that to entitle any person summoned as trustee to appear and plead for the principal on his nonappearance, such person must have in his hands goods, effects, or credits, of the principal, on which the attachment shall take effect. This is the express provision of the statute. We are also satisfied that a person summoned as a trustee, who in fact has no effects, cannot plead this plea, or any plea in his own name, except where he is personally injured by the process; as when he is the only person summoned as trustee, and is called to answer out of his county. In the present case the supposed xtrustee is summoned to *25 answer in his own county, and if he has no effects, he will be dis charged, will have his costs, and the proceedings against the principal will cease; but if he has effects, he may then appear in the name of the principal, and take any legal exception in abatement, which the principal in his own name could take.
This plea might, therefore, be pleaded in the name of the principal, by a trustee having effects; for if the principal has not had the legal notice of the suit, to which he is by law entitled, he may appear and plead this want of notice in abatement. His appearance, for the express purpose of taking the exception, shall not be deemed a waiver of the ground of the exceptions. If, therefore, we were to consider this plea, by the supposed trustee, in his own name as regular, *and the issue be found against [ * 30 ] him; then, on his examination, if he appear to be no trustee, he will be discharged ; and, by a cessation of all further proceedings, every beneficial end to be obtained by abating the writ will follow.
We shall then, by allowing the plea, cause much time and cost to be fruitlessly expended, and unnecessary delay to be introduced. But if the party summoned be a trustee, then, if he appear for the principal, and plead any plea in abatement, which is found against him, the principal having appeared by his trustee, the cause may proceed, and be determined on its merits.
Agreeably to this reasoning has been the practice, so far as 1 have been acquainted with it. If the principal did not appear, the party summoned as trustee, having effects, might plead, in the name of the principal, any plea which the principal could plead; but in the commencement of his plea he not only stated that he was summoned as trustee, but also that he had in his hands goods, effects, and credits, of his principal. Where he had none, he was examined and discharged, and recovered his costs.
When he was personally injured, bj the irregularity of the process, he might take the exception in his own name, for this injury will be the same to him, whether he be or be not in reality a trustee. But an irregularity or defect in the process, injurious only to the principal, must be taken advantage of only in his name.
In the plea in abatement, pleaded in this case by Mr. Taggart, he describes himself only as summoned, and not as being a trustee; and on this ground he cannot plead in the name of his principal. And as for the exception taken relating to a want of regular service on his principal, if he be not a trustee this defect is wholly immaterial to him; and if his object is to protect his principal, that object will be obtained on his discharge, for all further proceedings will then cease.
*26 The verdict in this case must be set aside; but we do not think that a new trial ought to be granted. We are, [ * 31 ] * however, of opinion that a repleader should be awarded, when Mr. Taggart, if he has effects, may plead to the merits in the name of his principal; if not, he may plead that he had no goods, effects, or credits, of the principal in his hands, and submit to an examination on oath.
If he refuse to replead, the plaintiff may waive his joinder in issue, and may demur.