## Joseph Thayer *versus* Joseph Ray and Trustees.

A person summoned as trustee may, *in his own name,* plead in abatement a .efect in the service of the writ as respects himself, although he has not answered

Under *St.* 1783, *c.* 43, § 1, [Revised St. *c.* 14, § 97,] which provides, that a. writs when the sheriff or any of his deputies is a party to the same, shall be served by the coroner, a writ cannot be served by a deputy sheriff upon a school district of which another deputy sheriff is an inhabitant.

A trustee writ will not be abated as to the principal, on the ground of a defect in the service upon the trustee.

In this case, the trustees, who were the inhabitants of the school district No. 6 in Mendon, pleaded in abatement, that at the time of the service of the writ, Royal Thayer, by whom it was served and returned, was a deputy of the sheriff of this county, and that Seneca Hills, another deputy of the same sheriff, was an inhabitant of such school district; and they therefore prayed, that the writ might be quashed.

To this plea the plaintiff demurred.

*Sept. 30th.*    *Washburn, Thayer* and *Deane,* for the plaintiff, cited to the point, that until the trustee has disclosed that he has goods, &c. of the principal in his hands, he cannot plead in abatement or bar, but is a mere stranger, *Blake* v. *Jones,* 7 Mass. R. 28 ; that the service was good, *Merchants Bank* v. *Cook,* 4 Pick. 405 ; 5 Dane's Abr. 158 ; *Brewer* v. *New Gloucester,* 14 Mass. R. 216 ; *St.* 1817, *c.* 13 ; *St.* 1832, *c.* 164 ; *St.* 1785, *c.* 75 ; *Waldron* v. *Lee,* 5 Pick. 334 ; and that the plea was bad, because it concluded with a prayer that the writ might be wholly quashed, and not so far only as the trustees were concerned, *Powell* v. *Fullerton,* 2 Bos. & Pul. 420 ; *Foxwist* v. *Tremaine,* 2 Saund. 209, note ; *Badlam* v. *Tucker,* 1 Pick. 389 ; Steph. on Pl. 446.

*W. S. Hastings,* for the trustees, as to the point, that the plea in abatement was well pleaded by the trustees, cited *Blake* v. *Jones,* 7 Mass. R. 28 ; *Jacobs* v. *Mellen,* 14 Mass. R. 132 ; *Brigham* v. *Elliot,* 12 Pick. 172 ; *St.* 1791, *c.* .7, § 2 ; *Richards* v. *Allen,* 8 Pick. 405 ; *Hovey* v. *Crane,* 10 Pick. 445 ; that the writ should have been served by a coroner, *St.* 1826, *c.* 143, § 17 ; *St.* 1832, *c.* 164 ; *St.* 1817, *c.* 14 ; *Little* v. *Merrill,* 10 Pick 543 ; *Adams* v. *Wiscasset*

*Bank,* 1 Greenl. 361 ; *St.* 1783, *c.* 43 ; that as the defect in the service affected the principal as well as the trustees, the plea rightly concluded with a prayer that the writ should be wholly abated, *Greenwood* v. *Fales,* 6 Greenl. 405 ; and that the writ might nevertheless be abated as to the trustees only, the judgment prayed being of the right kind, Gould on Pl. *c.* 5, § 157 ; 1 Chitty on Pl. 444, 447.

WILDE J. delivered the opinion of the Court. The trustees plead in abatement, that at the time of the service of the writ, one of the trustees was a deputy sheriff under the sheriff of this county, and that the writ was served by another deputy of the same sheriff ; whereas it ought to have been served, as they contend, by a coroner. On demurrer, the plaintiff objects in the first place to the sufficiency of the plea, because it does not appear that the trustees had in their hands, at the time of the service of the writ, any goods, effects, or credits of the principal, on which the attachment can take effect. This objection would have been good, if the trustees had pleaded in the name of the principal, as was decided in the case of *Blake* v. *Jones,* 7 Mass. R. 28. But undoubtedly the trustees, being parties, may plead in abatement in their own name, and take any exception to the validity of the service in respect to them. If there has been no legal service on them, they are not bound to answer, and are entitled to be discharged.

The next ground upon which the plaintiff relies, depends upon the construction given by his counsel to the *St.* 1817, *c.* 13, which we cannot admit. That statute authorizes sheriffs, deputy sheriffs, &c., to serve and return all writs and processes, in which towns or districts, of which they are inhabitants, are parties or interested. But this statute does not extend to school districts, for the reasons given in the case of *Little* v. *Merrill,* 10 Pick. 543. This case therefore comes within the *St.* 1783, *c.* 43, § 1, which directs, that all writs and precepts, when the sheriff or either of his deputies shall be a party to the same, shall be served by the coroner. The service on the trustees is contrary to this express direction of the statute, and cannot be held valid.

But this defective service on the trustees does not abate

the writ as to the principal ; for a writ is divisible, and may be abated in part, and remain good as to the residue.   There is no objection against the service on the principal, and by the *St.* 1798, *c.* 5, § 1, the court is authorized to proceed to render judgment against him, in the same manner as might be done if the action had been brought in the common and ordinary mode of process.

*Writ abated as to trustees.*