### ROBERT HOOPER Junior *versus* ZACHARIAH JELLISON and Trustees.

One summoned on a trustee process returnable in the county of Suffolk, pleaded in abatement, that at the time of suing out and service on him of the writ, he dwelt in the county of Norfolk, and did not dwell in the county of Suffolk, and that at that time none of the parties then named in the writ as trustees, dwelt in the county of Suffolk. It was *held*, that the plea was not double, and that it concluded rightly with a verification.

The service of a trustee process on a trustee living out of the county where the writ is returnable, is void or voidable, if the writ do not contain the name of a trustee living in the county where it is returnable, and the subsequent insertion of such a name before the writ is served on the principal defendant, will not cure the defect.

To this trustee process, which was returnable in the county of Suffolk, James Littlefield, one of the trustees named in the writ, pleads in abatement, " that at the time of suing out and service on him of said writ, he dwelt in Randolph in the county of Norfolk, and did not dwell in said county of Suffolk, and that at the time of suing out said writ and of the service on him as aforesaid, none of the parties then named in said writ as trustees, dwelt in said county of Suffolk; and this he is ready to verify." The other trustees pleaded in like manner. The plaintiff filed a general demurrer.

*March 15th.* C. P. *Curtis* and B. R. *Curtis*, for the plaintiff.

W. J. *Hubbard* and *Watts*, for the trustees, cited Gould on Pl. 419; Stephen on Pl. 265; *Rathbone* v. *Rathbone*, 5 Pick. 221; *Greenwood* v. *Fales*, 6 Greenleaf, 405.

*March 18th.* WILDE J. delivered the opinion of the Court. Two objections are made to the several pleas of abatement; one to the form, and the other to the substance of the pleas.

The objection to the form of the pleas is, that they are bad for duplicity. To support this objection it must be made to appear, not only that several facts are alleged, which might be traversed by the plaintiff, and a material issue joined thereon; but each of the facts must be such as would alone be sufficient to abate the writ. This being the well settled rule of pleading, we think it very clear that these pleas are not double.

It has been argued that the defendants might have pleaded, that no one of the trustees, at the time of the service of the writ, dwelt within the county of Suffolk; and if such a plea

Hooper
*v.*
Jellison
and Trs.

would be good, it would undoubtedly be sufficient to abate the writ. But such a plea would be clearly bad on demurrer.

The trustees were bound to give the plaintiff a better writ, by setting out in their pleas their respective places of residence, and this was also proper as an inducement to the traverse of the averment that they dwelt in the county of Suffolk, and without the traverse the plea would be bad. If James Littlefield, for instance, were the only trustee, and he had pleaded that he dwelt in the county of Norfolk, without traversing the averment that he lived in the county of Suffolk, the plaintiff might reply reaffirming the averment in the writ; but these two affirmatives would not form a proper issue. It was necessary, therefore, for him not only to aver that he dwelt in the county of Norfolk, but to deny that he dwelt in the county of Suffolk. This denial or traverse was required by the rules of pleading, and is expressed in appropriate and technical language. The words " *et non*," are equivalent to the words " *absque hoc* " in this connexion.

It was objected, that these pleas ought to have concluded to the country ; but this objection has been properly waived.

Where a party pleads new matter as an inducement to a special traverse, the plea must conclude with a verification, for if the traverse is not well taken the other party should have an opportunity to reply to the new matter. Thus in replevin, if the defendant pleads that the property replevied was the property of A. B. and not the property of the plaintiff, the plea must conclude with a verification. So also if the defendant pleads that his name is A. B. and not C. D., as he is named in the writ, the plea must conclude in the same manner. The plea in the present case is in all respects similar to a plea of misnomer, and is drawn with perfect accuracy and skill.

Whether the other objection to the insufficiency of the plea be well founded or not, depends on the construction of the Revised Stat. *c.* 109, § 7, 9. By the 7th section it is provided, that " if all the persons, named in the writ as trustees, dwell in one county, the writ shall be returnable in that county, otherwise it may be returnable in any county, in which either of the trustees dwells."

If this section stood alone, there can be no question, we

Hooper
*v.*
Jellison
and Trs.

think, that the plea in abatement is sufficient. The obvious meaning is, that the writ shall be returnable in a county where one of the trustees dwells. The word "may," in the latter clause of the section, in connexion with the previous clause, has the meaning of "shall;" and such has always been the construction of the statute of 1794, *c.* 65, § 1, the language of which is similar to the 7th section of the Revised Statutes.

But it has been argued, that as the 9th section provides that at any time before the writ is served on the principal defendant, the plaintiff may insert therein the names of any other persons as trustees, the plea should be, that no one of the trustees named in the writ at the time of the service on the principal defendant, dwelt in the county of Suffolk. But we are of opinion, that the latter section ought not to be construed so as to contravene the effect of the 7th section.

The 9th section was intended to allow the names of other trustees to be inserted in a writ after a good and valid service thereof on one or more of the trustees named therein, and not to cure a void service. When the present writ was served on the trustees, it was void or voidable, and so was the service. And this error and irregularity is not helped by the insertion of the name of a trustee afterwards, and before the service on the principal defendant, if the name of any such supposed trustee has been inserted.

Upon the whole, therefore, it is the opinion of the Court, that the pleas are good, and the writ must consequently abate.

*Trustees' pleas adjudged good.*