POLLY LEWIS *vs.* REUBEN S. DENNEY & another
& Trustees.

Where the only trustee named in a trustee process is an incorporated banking com-
pany, the action must be brought in the county in which such company have their
established or usual place of business.

A trustee process, brought in a county in which no one of the trustees dwells, will
be dismissed on motion of a trustee named therein or of the principal defendant.

If a trustee process is brought in the wrong county, as to the trustee, the action can-
not be maintained upon a discontinuance against the trustee.

THIS was a trustee process, in which the only supposed
trustees were the president, directors and company of the
Mechanics bank, and the president, directors and company
of the Citizens bank, corporations existing by the laws of
this commonwealth, and having their established and usual
places of business in the city and county of Worcester.

The principal defendants and the trustees both moved,
that the action be dismissed, on the ground, that there was
no trustee named in the writ, who dwelt in the county of
Norfolk, but that all the trustees named therein dwelt and
had their place of business in Worcester, in the county of
Worcester.

The plaintiff was described in the writ as of Roxbury in
the county of Norfolk ; one of the defendants as of Worces-
ter in the county of Worcester, and the other of Saco, in the
state of Maine ; and the writ was regularly served upon the
defendants.

*F. H. Dewey*, for the trustees and principal defendants.
There was no appearance for the plaintiff.

WILDE, J.   The principal defendants, and the trustees, have
separately filed motions to dismiss the action, because it ap-
pears by the writ and service, that the only trustees named
therein, being two banking corporations, belong to and have
their established places of business in the county of Worces-
ter, and therefore the action is not within the jurisdiction of
the court in this county.   And we are of opinion that the
motions are fully sustained by the Rev. Sts. *c.* 109, § 7, and
*c.* 90, § 16, and *c.* 2, § 13.   By the first statute it is provided,

that " If all the persons named as trustees dwell in one county, the writ shall be returnable in that county." If the trustees were natural persons, dwelling in the county of Worcester, there can be no doubt that the writ should have been made returnable in that county; for such is the express requirement of the statute. By the Rev. Sts. *c.* 2, § 13, it is provided, that the word " person " may extend and be applied to bodies politic and corporate, as well as to individuals. And by the Rev. Sts. *c.* 90, § 16, it is provided, that " When one of the parties to the action " (that is, any action) " is a corporation, of any other description than those before mentioned in this section," (not including banking corporations,) " the action may be brought in any county, in which such corporation shall have any established or usual place of business, or shall have held its last usual meeting, or shall usually hold its meetings ; or if the other party to such action is a natural person, the action may be brought in the county where such person lives."

From the language of the first-cited statute it might be doubtful, whether it should be so construed as to apply to bodies politic and corporate, as well as to individuals ; but taking into consideration the other two statutes, in the con- struction of that first cited, we think there can be no reason- able doubt, that it was intended to apply to corporations, such as the trustees in this case, as well as to natural persons. There can be no reason why it should not be so construed; for the object of the statute is, to prevent trustees from being compelled to answer in any other county than that in which they dwell; and although the word "dwell" is not usually applied to corporations, yet the reason of the pro- vision unquestionably applies to corporations. We are therefore of opinion, that the motions to dismiss the action are well founded ; nor can the action be maintained by the plaintiff's discontinuing against the trustees. The tenth section of the Rev. Sts. *c.* 109, applies only to cases where the court has jurisdiction. The case of *Greenwood* v. *Fales*, 6 Greenl. 405, cited by the defendants' counsel, fully sup- ports the defendants' motion on this point. That case, how-

ever, was decided on a plea in abatement; and by the law of Maine relative to this subject, it is provided, that if an action is brought in a wrong county, the writ shall abate. But there is no such provision in this state, and we think no plea in abatement is necessary, all the essential facts appearing on the writ and return. See *Jacobs* v. *Mellen*, 14 Mass. 132.

*Action dismissed.*