## HOWARD, *in Error*, *versus* HILL.

Error does not lie to reverse a judgment of a justice of the peace, if the plaintiff in error had an opportunity to appeal.

Where a party, by his counsel, appeared before the justice, he is considered to have had an opportunity to appeal, although, before the judgment was entered, he had permission, upon his own motion, to withdraw, and did withdraw his appearance.

ERROR, to reverse the judgment of a justice of the peace.

The grounds, among others, upon which the plaintiff in error, who was the original defendant, intended to rely was, that the original writ was made returnable on "Monday the twenty-sixth day of December," whereas, in fact, the 26th of December was on Saturday.

By the justice's record, it appeared that the suit had been once continued, that at the adjournment, the original defendant appeared by counsel, and afterwards was, on his own motion, permitted to withdraw, and did withdraw his appearance, whereupon a default and judgment were entered.

*Paine*, for the plaintiff in error.

*Smith*, for the defendant in error.

TENNEY, J.—The original defendant appeared by his counsel at the time to which the action, being entered and the writ amended, on the plaintiff's motion, was continued. He was afterwards permitted to withdraw his appearance upon his own request; the defendant was then defaulted and judgment rendered against him.

Several errors are relied upon, as disclosed by the record. But we are met by a preliminary question, which renders the consideration of the errors assigned, and the determination of

their merits superfluous. The plaintiff in error had the opportunity of presenting his objections on an appeal. At the time of his appearance the case was open. It was competent for the justice, before whom the action was pending, to have entertained his motion, to dismiss it, on the ground that the return day was indefinite, so that he could not take jurisdiction, and it was not too late for him, to have directed the writ to have been restored to its original condition. If he had not the power to permit the amendment, he had no more jurisdiction after it was made than before; and the appearance of the defendant, for the purpose of making this objection, was not a waiver of his right to exception on that account; consent, even if express, could not confer jurisdiction, if none was before possessed. *Blake* v. *Jones & Tr.,* 7 Mass. 28; *Gardner* v. *Barker,* 12 Mass. 36; *Ames* v. *Winson,* 19 Pick. 247.

If the motion to dismiss the action had not prevailed, the general issue could have been filed, (R. S. ch. 116, § 30,) and if found against the defendant, an appeal could have been taken, and upon it all his objections could have been considered. By the authority of adjudged cases, which were determined in Massachusetts before our separation from that Commonwealth and since that time, a writ of error does not lie, where the party aggrieved is entitled to a remedy by appeal. *Savage* v. *Gulliver,* 4 Mass. 171; *Putnam* v. *Churchill,* 4 Mass. 516; *Jarvis* v. *Blanchard,* 6 Mass. 4; *Gay* v. *Richardson,* 18 Pick. 417. In the case of *Mark* v. *Guild,* 3 Metc. 372, which bears a strong resemblance to the one before us, in all its essential features, the court say, " if the validity of the judgment sought to be reversed, were properly before the court, on the writ of error, we are very doubtful whether it could be supported." " The rule, that he, who has the right of appeal shall not bring error, applies of course only, where the party had the opportunity to appeal. If he never appeared, or was never duly summoned, and the judgment was rendered against him by default, the case would be very different." In that case, as in the present, the defendant appeared, and withdrew his appearance; and he was afterwards default-

ed. The plaintiff in error having had the opportunity to appeal, takes nothing by his writ.