D. W. WILLIAMS, Treasurer of Multnomah County, Respondent, *v.* A. D. SHELBY, Appellant.

*Appeal from Multnomah County.*

1. Authority of justice of the peace in felonies.
2. Bonds in criminal matters are statutory.
3. Difference in construction between bonds in civil and criminal cases.

Williams *v.* Shelby.

THIS action was brought to recover $500, the penalty of a bond executed on the 6th day of December, 1864, by F. Patterson, as principal, and A. D. Shelby, as surety; conditioned for the appearance of Patterson before J. F. McCoy, recorder of the city of Portland, to answer a charge of commission of assault upon, with intent to disfigure, one Kate Mason.

The charter of the city of Portland gives to its recorder the jurisdiction and authority of a justice of the peace, for the county of Multnomah, within the limits of the city in both civil and criminal matters. Patterson having failed to appear, the bond was declared forfeited and judgment had in the lower court for the penalty.

*E. Hodgkinson, Esq.*, of counsel for respondent.

*W. F. Trimble, Esq.*, of counsel for appellant.

PRIM, J. The crime with which Patterson was charged was a felony; and a justice of the peace had no authority or jurisdiction to try and determine the case, but only to act as a court of inquiry, with authority to hear the proofs for the purpose of ascertaining whether an offense had been committed; and whether there was probable cause to believe the prisoner guilty thereof; and if so, to take his bond with one or more sureties conditioned for his appearance before the Circuit Court to answer the charge. See *Statutes of* 1855, *page* 246.

The condition of the bond in question is that Patterson appear before J. F. McCoy, a justice of the peace, on the 7th day of March next, to answer the charge of an assault with intent to disfigure.

There was no statute in existence at the time of this proceeding authorizing a justice to take such a bond, therefore it must be treated as void. (7 *Mass.*, 280; 16 *Mass.*, 199; 11 *Mass.*, 337; 23 *Wend.*, 47.)

The Circuit Court held that, although there was no statute then in existence authorizing the taking of this bond by the

justice, yet it might be sustained and held valid as a common law undertaking; that the discharge of the principal for the time being was a sufficient consideration to sustain the promise and agreement entered into. This holding, we think, cannot be sustained by the authorities; in fact, none have been produced to that effect. Authority has been cited to this effect, that another class of bonds might well be sustained, from their form and structure, without the aid of statute. Such as injunction bonds, replevin bonds, bail bonds, in civil cases, forthcoming bonds, appeal bonds, and all such as are made payable to the beneficiary or interested party. Such have been held valid at common law, without resorting to the statute to give them effect; but it is held otherwise in criminal cases. (9 *Texas,* 1.)

Judgment reversed.