Snyder v. Brune.

J. F. SNYDER, PLAINTIFF IN ERROR, v. WILLIAM BRUNE, DEFENDANT IN ERROR.

**Exemption.** Under the provisions of section 531 of the civil code, no property of a debtor is exempt from execution or attachment on a debt for laborer's wages ; while under the provision of section 531a, the wages of laborers who are heads of families are exempt from the operation of execution or attachment process. In an action by A against B, for wages, and in which a judgment was obtained, and whereon he sought to appropriate the wages of B by process in garnishment, B being the head of a family, and the wages sought to be appropriated having been earned within sixty days immediately prior to the service of process in garnishment, it was *Held*, That the wages of B were exempt. Section 531a having been enacted as an independent act, long subsequent to the passage of section 531, and being the last expression of the legislature upon the subject, must prevail.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*W. T. Stevens*, for plaintiff in error.

*J. C. Johnston*, for defendant in error.

REESE, J.

This is a proceeding in garnishment instituted before a justice of the peace. The question involved is, are the wages of a laborer—who is the head of a family—earned within sixty days prior to the service of garnishee process, liable to garnishment in the hands of his employer for the satisfaction of a debt for the wages of another laborer? The provisions of the statute upon this subject are apparently contradictory. Section 531 of the civil code provides in substance that no property shall be exempt from execution or attachment for laborers' wages, while section 531a provides in substance that the wages of laborers who are heads of families shall be exempt from the operation of attachment, execution, and garnishee process. There is no exception of laborers' wages in either section. Evidently an oversight in the legislature.

Section 531, in some form, has been upon our statute books since 1859. By amendment it assumed its present form in 1870. Laws 1870, 6. In 1873 an act—consisting of section 531a—was passed by the legislature, the title of which is "An act to exempt laborers', mechanics', and clerks' wages in the hands of employers from execution, attachment, and garnishee process." The only effect of section 531, as it then was, and now is, was to provide for the enforcement of demands for wages. It was all in favor of the labor creditor, and no effort was made to protect the labor debtor from the enforcement of demands against him. The legislature, with this in view no doubt, passed the act of 1873, which, by terms equally as sweeping as the former act, not only declared that laborers' wages should be exempt from the "operation" of garnishee process, but that the act should not "be so construed as to *permit* the attachment of sixty days' wages in the hands of the employer." This latter act being the last expression of

the legislature upon the subject, must stand, and wherein a conflict occurs, the former act must yield to it.

The judgment of the district court, being in accordance with these views, is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.