32  107
40  273

LEHNOFF & SOENNICHSEN v. W. D. FISHER.

[FILED MAY 6, 1891.]

1. **Practice in District Court.** A rule of the district court which provides that an action in which the statutory time for filing a reply has expired, or will expire one week before the first day of the next succeeding term, whether issue has been joined or not, may be noticed for trial at such term by either party, by filing with the clerk one week before the commencement of the term, and no action, not so noticed, will be docketed for trial or tried upon an issue of fact, except by consent of both parties, *held*, not to apply to cases which are for hearing on error.

2. **Exemptions:** WAGES. Under the provisions of section 531a of the Code, the wages for sixty days' services of laborers, mechanics, or clerks, who are heads of families, in the hands of their employers, are absolutely exempt from execution, attachment, or garnishment.

3. ———: NECESSARIES. The provisions of section 531 of the Code, which read * * * "Nor shall anything in this chapter be construed to exempt from execution or attachment property of the value of more than five hundred ($500) dollars for any debt contracted by any person in purchase of the actual necessaries of life for himself or family," do not apply to debts contracted by the head of a family for groceries and provisions furnished him as supplies for a boarding house.

ERROR to the district court for Cass county.    Tried below before CHAPMAN, J.

*S. P. & E. G. Vanatta,* for plaintiffs in error, cited : *Dascomb v. Marston,* 13 Atl. Rep., 888 ; *Clay v. Towle,* 2 Id., 852.

*Beeson & Root, contra,* cited: *Lewis v. Connolly,* 29 Neb., 222 ; *Wright v. C., B. & Q. R. Co.,* 19 Id., 179.

NORVAL, J.

On the 4th day of February, 1890, the plaintiffs in error recovered a judgment in the county court of Cass county against the defendant in error and his wife, for the sum of $39.40 for groceries and provisions furnished the defendants.    Execution was issued on the judgment and returned by the sheriff, no property found.    An affidavit in attachment and garnishment was filed and a garnishee notice was served upon the B. & M. R. R. Co.    Afterwards, and before the answer of the garnishee was taken, the defendant, William D. Fisher, filed a motion to dissolve the attachment and discharge the garnishee, on the ground that the money due from the garnishee was for laborers' wages and was therefore exempt.    Two days later the garnishee answered, disclosing an indebtedness to Fisher in the sum of $48, also that Fisher is a married man and the head of a family.    On the same day the motion filed by the defendant was argued and submitted, and the court held the money owing by the garnishee was exempt, and discharged the garnishee.    Exception was taken to this ruling, and error was prosecuted to the district court, where on April 10 the judgment of the county court was affirmed.    A supersedeas bond was given, but the petition in error was not filed in this court until more than twenty days after the date of the judgment in the court below.

Lehnoff v. Fisher.

On August 12 the district court, on motion of the defendant, discharged the garnishee. The errors assigned are:

1. The district court erred in overruling the objections of the plaintiffs in error to the hearing of the cause at the March term, 1890.

2. In affirming the decision of the county court.

3. In discharging the garnishee after the supersedeas bond was filed.

As to the first assignment of error, the record shows that the case was filed in the district court during the March term, 1890, thereof, a summons in error was waived, and the defendant in error entered his appearance. It is claimed that the cause was heard at that term of court in violation of the rules adopted by the district court.

Rule 16 provides that all law causes in which the statutory time for the filing of a reply will have expired one week before the first day of the term, upon proper notice, shall be tried as reached.

Rule 17 provides that equity causes shall be docketed and stand for trial in the same manner, and under the same rule as prescribed in rule sixteen for the trial of law cases.

Rule 18 provides that an action in which the statutory time for filing a reply has expired or will expire one week before the first day of the next succeeding term, whether issue has been joined or not, may be noticed for trial at such term by either party by filing notice with the clerk one week before the commencement of the term. It further provides that "no action not so noticed will be docketed for trial or tried upon an issue of fact, except by consent of both parties."

These rules do not require that a notice must be filed in cases for hearing on error, before the same can be heard. The petition in error is the only pleading required in such cases, and the issues are formed as soon as it is filed. No issue of fact is to be tried. The court did not err in over-

ruling the objection of the plaintiffs in error to hearing the case when it did.

The plaintiffs in error insist that there was no evidence before the county court to sustain the motion to discharge the garnishee. The motion alleges that William D. Fisher is the head of a family, a resident of this state, and the money due him from the garnishee is wholly for wages due him for labor performed for garnishee within less than sixty days. The motion was sworn to positively by the defendant, and was treated, without objection, on the hearing, as an affidavit. We know of no good reason why it was not available as evidence. Had the motion been verified in the usual way of verifying pleadings, upon mere belief, it would have been different. The plaintiffs in error were at liberty, had they chose to do so, to oppose the motion by affidavits or other evidence, but they failed to avail themselves of this right. The evidence before the county court was sufficient to sustain the finding and judgment.

Under the provisions of section 531a of the Code of Civil Procedure, the wages for sixty days' services of laborers, mechanics, or clerks, who are heads of families, in the hands of their employers, are absolutely exempt from execution, attachment, or garnishment. (*Wright v. C., B. & Q. R. R. Co.*, 19 Neb., 175; *Snyder v. Brune*, 22 Neb., 189.)

It is urged that the judgment was rendered for the necessaries of life, purchased for the use of defendant's family, and that section 531 of the Code governs and controls this case. This section contains, among other provisions, the following: "Nor shall anything in this chapter be construed to exempt from execution or attachment property of the value of more than five hundred ($500) dollars for any debt contracted by any person in the purchase of the actual necessaries of life for himself or family, or for any person or persons who were at the time of

contracting such debt dependent upon such person purchasing the same, for support."

It does not appear that the debt upon which the judgment was obtained was for the necessaries of life for the debtors and their family. The county court found, and the judgment so states, that it was rendered "for groceries and provisions sold and delivered to defendants by plaintiffs for use by defendants in running a boarding-house and support of defendant's family." The legislature never intended that the provisions of section 531 should apply to such a case. It has reference to debts contracted for the necessaries for the debtor and his family, and not for debts incurred in carrying on a hotel or boarding-house business.

No error prejudicial to the plaintiffs in error was made by the district court in ordering the discharge of the garnishee. The garnishee was discharged by the county court and a supersedeas bond was immediately given. The affirmance of this decision of the county court by the district court had the effect to release the money in the hands of the garnishee, unless a new supersedeas bond was given and a petition in error was filed in this court within twenty days. (Code, sec. 236e.) While the bond was given, the petition in error was not filed here until more than twenty days after the affirmance of the judgment of the county court. The garnishee had no right to retain the money in his hands belonging to the defendant, and the subsequent order of the district court discharging the garnishee was unnecessary.

The judgment of the district court is

AFFIRMED.

THE other judges concur.