EUGENE F. HIBBARD

*vs.*

WILLIAM NEWMAN AND MAINE CENTRAL RAILROAD
COMPANY, Trustee.

Piscataquis.    Opinion June 26, 1906.

*Plea in Abatement.    Requisites.    Demurrer.    Trustee Process.    Trustee an
Adverse Party.    How Question of Jurisdiction Must be Raised.    Mixing Plead-
ing with Disclosure.    Same not Allowable.    R. S., c. 88, §§ 5, 14.*

A plea in abatement being a dilatory plea is required to be technically exact
so as to preclude all presumption or argument against the party pleading.

Trustee process is created by statute, and while it is regulated by statutory
requirements, yet its procedure must conform to the rules of civil plead-
ing.    The trustee in relation to the plaintiff is an adverse party in the
suit and is entitled to make his defense as the principal defendant may,
either upon issues of law or of fact.    He may plead in abatement want of
jurisdiction, or by his disclosure he may in effect plead in bar to the main-
tenance of the action against him.

In a trustee process jurisdiction depends upon the residence of the trustee
at the time the action is brought, and the question of jurisdiction must be
raised by a plea in abatement, or by motion to abate when the essential
facts of the defect appear by inspection.

When an action is brought in a county in which it is alleged the trustee did
not reside at the time of service, a plea in abatement is bad on demurrer
if it fails to allege non-residence at the time the action was commenced.

In the case at bar, the plea made on the return day of the writ describes
with precision the defendant's legal residence at the date of the plea, but
does not allege his residence at the time when the action was brought
and does not negative the residence of the trustee in the county where
the action was brought.    *Held:* that the demurrer to the plea must be
sustained.

Also in the case at bar the trustee sought to incorporate in his disclosure
matters in the nature of a plea in abatement affecting the jurisdiction of ·
the court.    This is not admissible unless the defect is apparent in the writ

or return. If there is no jurisdiction the plaintiff ought not to be debarred from maintaining the procees in another county, but if the discharge is based upon the facts disclosed it should appear that the subject matter is *res adjudicata.*

On exceptions by principal defendant. Overruled.

Assumpsit on account annexed to recover the sum of $16.80. The action was commenced by a trustee writ issued by the Dover Municipal Court, in Piscataquis County, dated Sept. 22, 1904. On the return day of the writ the principal defendant filed a plea in abatement to the writ, the material part of which said plea is stated in the opinion. The plaintiff demurred to the plea and the demurrer was sustained and the plea adjudged bad.

Also on the return day of the writ the trustee filed its disclosure making general denial that it had in its hands and possession goods, effects or credits of the principal defendant, and in answer to interrogatories made further disclosure in the nature of a plea in abatement affecting the jurisdiction of the court, the material part of which said disclosure appears in the opinion. To this disclosure the plaintiff filed an answer in the nature of a demurrer, the material part of which also appears in the opinion. At the time of the service of the writ upon the trustee there was due from it to the principal defendant $31.50 as wages. The judge of the Municipal Court ruled that the trustee must raise the question of jurisdiction by plea in abatement, and not by way of answer in its disclosure, and charged the trustee for the amount disclosed less its costs.

To the aforesaid rulings sustaining the demurrer to the plea in abatement, and that the trustee must raise the question of jurisdiction by plea in abatement and not by way of answer in its disclosure, the principal defendant excepted, and in accordance with the provisions of section 17 of chapter 507 of the Private and Special Laws of 1899, these exceptions were duly entered in the Law Court for determination.

All the material facts appear in the opinion.

*Hudson & Hudson,* for plaintiff.

*L. B. Waldron,* for principal defendant.

*N. & H. B. Cleaves & S. C. Perry,* for trustee.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, PEABODY, JJ.

PEABODY, J.   This action was commenced by a trustee writ issued by the Municipal Court of Dover in Piscataquis County, dated September 22, 1904.   On the return day, the 3rd Tuesday of November, 1904, the principal defendant filed a plea in abatement to the writ and declaration alleging therein that "at the time of the purchase and service of the said writ, and long before and ever since, he, the said defendant, William Newman, resided in the town of Dexter in Penobscot County, and not in Piscataquis County where said writ is returnable.   That said Maine Central Railroad Company alleged trustee in said writ is a domestic corporation created and existing under the laws of Maine, has its established and usual place of business in Cumberland County (and not in Foxcroft in Piscataquis County as alleged) where it held its last annual meeting and usually holds its meetings, and that at the time of the purchase and service of said writ, and long before and ever since, there has existed and still exists in Portland in said Cumberland County, a Municipal Court for said Portland with a jurisdiction sufficient in this case.   Wherefore said plaintiff, if he had any good cause of action against the said defendant and against the Maine Central Railroad Company as alleged trustee therein, ought to have commenced the same before such Municipal Court of Portland and not before this Dover Municipal Court."   To this plea the defendant filed a demurrer " because insufficient in law " which was sustained by the court.

Also on the return day of the writ the trustee filed its disclosure making general denial that it had in its hands and possession goods, effects or credits of the said principal defendant, and on its examination in answer to interrogatories further disclosed that " The said Maine Central Railroad Company is and was at the time of the service of the writ in this case upon it a domestic corporation being created and existing under the laws of said State of Maine, with its business office at Portland in the County of Cumberland where its meetings are held and where its last annual meeting was held, and

that service was made upon its clerk at said Portland; and it denies that this court has jurisdiction over it in this proceeding. At the time of the service of the writ upon said alleged trustee there was due to William Newman the sum of thirty-one dollars and fifty cents ($31.50) as wages for his personal services in the employment of said alleged trustee." To this disclosure the plaintiff filed an answer in the nature of a demurrer that it is insufficient in law because it is argumentative, leaving it for argument and inference that it does not have a usual place of business at said Foxcroft because it stated that at the time of the service of the writ it was a domestic corporation being created and existing under the laws of the State of Maine with its business office in Portland in the County of Cumberland, etc., and does not state that such were facts at the time of the purchase of the writ, and because it sets up by way of disclosure lack of jurisdiction in said Piscataquis County instead of setting up such defense by way of plea of abatement. The judge ruled that the trustee should take advantage of jurisdiction by plea in abatement and not by way of answer in its disclosure, and charged the trustee for the amount disclosed less its costs.

The case comes before the Law Court on the exceptions of the principal defendant, the trustee not having filed exceptions. The questions raised by the exceptions are, first, whether the plea in abatement is sufficient in law, second, whether the want of jurisdiction is available to the trustee by disclosure.

Pleas in abatement being dilatory pleas are required to be technically exact so as to preclude all presumption or argument against the party pleading. *Bellamy* v. *Oliver*, 65 Maine, 108; *Getchell* v. *Boyd*, 44 Maine, 482; *Tweed* v. *Libbey*, 37 Maine, 49; *Adams* v. *Hodsdon*, 33 Maine, 225; *Burnham* v. *Howard*, 31 Maine, 569; *Biddeford Savings Bank* v. *Mosher*, 79 Maine, 242.

In the trustee process jurisdiction depends upon the residence of the trustee at the time the action is brought. R. S., chapter 88, section 5. The question of jurisdiction in such proceedings, as in other civil actions, is to be raised by pleas in abatement. When an action was brought in a county in which it was alleged the trustee did not reside at the time of service, a plea in abatement was held bad on

demurrer because it failed to allege non-residence at the time the action was commenced.  *Biddeford Savings Bank* v. *Mosher*, supra.

The plea in this case made on the return day of the writ states the residence of the trustee in the language quoted in its second paragraph.  This describes with precision the defendant's legal residence in the present tense, and thus its application is to the instrument in which it is made ; and it neither directly nor by necessary inference relates to the time when the action was brought.  It does not negative the residence of the trustee in Piscataquis County as alleged in the writ.  The demurrer to the plea in abatement should be sustained.

The trustee process is created by statute.  *Hanson* v. *Butler*, 48 Maine, 81 ; *Jarvis* v. *Mitchell & trustee*, 99 Mass. 530.  While it is regulated by statutory requirements its procedure must conform to the rules of civil pleading.  The trustee in relation to the plaintiff is an adverse party in the suit and is entitled to make his defense, as the principal defendant may, either upon issues of law or of fact ; *Boynton* v. *Fly*, 12 Maine, 17 ; *Dennison* v. *Benner*, 36 Maine, 227.  He may plead in abatement want of jurisdiction ; *Greenwood* v. *Fales*, 6 Maine, 405 ; *Scudder et al.* v. *Davis & trustee*, 33 Maine, 575 ; *Mansur* v. *Coffin*, 54 Maine, 314 ; *Thayer* v. *Ray & trustees*, 34 Mass. 166 ; *Hooper* v. *Jellison & trustees*, 39 Mass. 250 ; *Lewis* v. *Denney & trustees*, 58 Mass. 588.  Or in effect by his disclosure he may plead in bar to the maintenance of the action against him.  There is nothing in the nature of the process which authorizes a departure from technical pleading if the trustee raises for himself an issue of law.  The disclosure is the statutory answer which presents the issues of fact upon which the liability of the trustee depends in reference to the business relations with the principal defendant ; R. S., chapter 88, section 14 ; and upon them the court can properly decide only whether the alleged trustee had goods, effects or credits of the principal in his possession of such nature and under such conditions as made them available to the plaintiff.

In this case the trustee seeks to incorporate in his disclosure matters in the nature of a plea in abatement affecting the jurisdiction of the court.  This is not admissible unless perhaps where the defect is

apparent in the writ or return. The record in such a case would not show whether a discharge of the trustee was granted because the court had no jurisdiction, or because the trustee had in his possession no property of the principal defendant subject to the trustee process. If there is no jurisdiction the plaintiff ought not to be debarred from maintaining the process in another county, but if the discharge is based upon the facts disclosed it should appear that the subject matter is *res adjudicata.* Our conclusion is that the trustee can only raise the question of jurisdiction by plea in abatement, or by motion to abate when the essential facts of the defect appear by inspection.

But even if admissible as part of the disclosure the matters alleged in the nature of a plea in abatement are insufficient, because they do not show where the trustee had its established place of business at the date of the writ.

*Exceptions overruled.*