# CHARLESTON

ATKINS v. EVANS *et als.*

Submitted March 2, 1915.    Decided March 16, 1915.

GARNISHMENT—*Jurisdiction—Service of Garnishee.*

In garnishment, it is primarily essential to the court's jurisdiction in relation to the debtor property sought to be affected, that the

garnishee be actually served with the writ of attachment whereon he is designated as such. Acceptance of service or voluntary appearance by the garnishee will not suffice.

(LYNCH, JUDGE, absent.)

Error to Circuit Court, Mingo County.

Action by L. H. Atkins against William Evans and others. Judgment for defendants, and plaintiff brings error.

*Affirmed.*

*Quesinberry & York,* for plaintiff in error.

*S. D. Stokes* and *Wade H. Bronson,* for defendants in error.

ROBINSON, PRESIDENT:

An action for the recovery of money, brought by Atkins against Evans and others, partners, regularly proceeded to issue, trial, and judgment for the plaintiff. A writ of attachment accompanied the action. On this writ James O. Cole and Clinton Crane, partners, were designated as garnishees, pursuant to Code 1913, ch. 106, sec. 5. An invalid service of the writ having been made as to the garnishees, they accepted service, appeared, and filed their answer. In the answer they admitted that when the writ came to them, they were liable in a particular sum to the defendants in the action. But they set forth that subsequently they had received notice from one Deskins that he was the owner of the debt upon an assignment made to him by the defendants in the action. The garnishees prayed that by proper order Deskins be required to appear, state the nature of his claim, and maintain or relinquish the same, so that the matter as between him and Atkins, the attaching plaintiff, might be properly determined and the garnishees thereby be enabled to pay the debt to the proper party. In response to an order made in pursuance of this prayer, Deskins appeared and filed his petition. In it he alleged that he was the owner of the debt by valid assignment, and prayed that his right thereunder be properly protected. To this petition, Atkins, the plaintiff, demurred generally. At this stage the court cut the garnishment proceedings short by entering the following order: "The court being of opinion that it has no jurisdiction to make any order

herein with respect to the funds in the hands of the garnishees, Cole and Crane, it is therefore considered by the court that the attachment heretofore sued out herein be and the same is hereby dismissed.'' From this order or judgment of the court, Atkins has appealed.

In the foregoing statement we have eliminated all matters shown by the record which are immaterial to be noticed in a consideration of the question with which we are to deal. The one point for decision is whether the court erred in summarily dismissing the garnishment proceedings. In other words, was the court without jurisdiction in the premises because the garnishees had not been actually served with the writ of attachment suggesting them as garnishees, but had accepted service of the same and voluntarily appeared? That the judgment complained of was made on the theory that the court was without jurisdiction because of the want of actual service on the garnishees, is conceded by the briefs.

There is much diversity of opinion in the authorities on the subject which we have at hand. By some it seems to be considered that the acceptance of service or voluntary appearance by the garnishee will lend jurisdiction in garnishment when the defendant is a party to the cause by personal service or appearance. But this seems inconsistent with the very nature of garnishment, making it in such case merely a proceeding *in personam*. It is not ordinarily so considered. It is in the nature of a proceeding *in rem*. Its aim is to invest the plaintiff with the right and power to appropriate, to the satisfaction of the claim against the defendant, property of the defendant in the hands of the garnishee, or a debt due from the garnishee to the defendant. Drake on Attachment, (6th ed.), sec. 452. It is not a direct action between the persons, but a species of seizure of the property or debt of the one by the other. It involves a *res*. Though the court may have jurisdiction of the parties in the main action, it must also acquire a jurisdiction over the property or debt sought to be affected by the ancillary garnishment, in order to render a judgment against that property or debt. Such a jurisdiction can only be acquired by direct compliance with the statute which prescribes the manner of taking of it. The law must thus be caused to attach to the thing sought to be

affected. It can be transferred from the defendant to the plaintiff in no other way. The right of the defendant to the property or debt is not taken away unless the property or debt has been attached by the law in the manner prescribed, and is thus transferred from him. A mere order *in personam* is not prescribed as sufficient and will not take away his right. The intervention of the prescribed law can alone initiate such a compulsory novation.

Though the garnishee appears, his mere appearance does not bring in the thing sought to be affected in his hands. It can only be brought under the power of the court by being attached by the law just as is prescribed in the statute. With us, what is it that attaches the property or debt in the hands of the garnishee and brings the same under the power of the court? It is the swearing out of a valid writ of attachment, the designation thereon of a person as being indebted to the defendant, or as having in his hands effects of the defendant, and the serving of the writ of attachment, endorsed with such designation, on the party so designated. Code 1913, ch. 106, sec. 5. Only in this way is the debt or property in the hands of the garnishee reached so that the court may make any order affecting it. Actual service of such writ on the garnishee is primarily essential to the court's jurisdiction to act in relation to the debt or property sought to be affected.

In this case we have no such service. We have an acceptance of service by the garnishees and their appearance by answer. All this is abortive to reach the debt which the garnishees admit they owe. That debt has not been attached —has not been brought under the law—for the law has not been complied with in relation to it. It was essential to serve the writ of attachment designating the garnishees, on the garnishees themselves. In that way the debt involved would be affected by the act of the law—would be attached. Acceptance of service and appearance by the garnishees is the voluntary act of the garnishees, not the act of the law. Such voluntary act does not bind the debt. The garnishees cannot bring the debt before the court, the law only can bring it there. ''Garnishment rests wholly upon judicial process, and depends upon the due pursuit of the steps prescribed by law for its prosecution. It can borrow no aid from volun-

teered acts of the garnishee.'' Drake on Attachment, (6th ed.), sec. 451b.

Consistent with what we have herein said is the holding of this court in *Railroad Co.* v. *Rogers*, 52 W. Va. 450: "A garnishee cannot give jurisdiction of a debt due from him by his voluntary appearance, when not previously served with the order of attachment, nor when an attempted service is invalid.''

The trial court saw that it had no jurisdiction over the fund. It could properly do nothing but dismiss the garnishment. The judgment will be affirmed.

*Affirmed.*