*Writ denied in first case; writ awarded in second case.*

---

# CHARLESTON.

FIRST NATIONAL BANK OF NEW CUMBERLAND v. SMITH *et al.*

Submitted September 5, 1917.   Decided September 18, 1917.

CORPORATIONS—*Garnishment—Money in Hands of Third Person—Process.*

To acquire jurisdiction, upon a suggestion, to direct payment of money or appropriation of the property in the hands or under the control of one other than the judgment debtor, in satisfaction of the lien of an execution, the process must be served on the person having such money or property in his custody, or, if it be a foreign or nonresident domestic corporation, upon the auditor. Acceptance of service by either will not suffice.

Certified from Circuit Court, Hancock County.

Execution proceeding by the First National Bank of New Cumberland against Lee O. Smith and Sarah J. Smith, with a suggestion of garnishment against the Eureka Pipe Line Company. Motion by the garnishee to quash the return of service sustained, and case certified.

*Order affirmed.*

*J. A. McKenzie,* for plaintiff.

*Chas. Powell* and *Kemble White,* for defendants.

LYNCH, PRESIDENT:

On a judgment in its favor against Lee O. Smith and Sarah J. Smith, recovered in the circuit court of Hancock county,

the First National Bank of New Cumberland sued out an
execution to be levied upon the goods and chattels of the
judgment debtors, and thereon suggested that by reason of
the lien of the writ there was a liability on the Eureka Pipe
Line Company for the amount of the judgment. The audi-
tor, on behalf of the pipe line company, accepted service of
the process. It had no notice of the pendency of the pro-
ceeding other than that furnished by such acceptance of
service. In response to the command of the summons, it ap-
peared specially to move, and did move, to quash the re-
turn of service endorsed on the process. This motion the
court sustained, and, upon the joint application of the par-
ties, certified here the question of the propriety of such rul-
ing upon the sufficiency of the return, under the authority of
§1, ch. 135, Code.

As the principles recognized and discussed in *Atkins* v.
*Evans,* 76 W. Va. 17, are controlling upon this certification,
they need not be repeated. The reasons assigned are stated
logically and forcefully in the opinion, and leave no room for
hesitation in the application of these principles to the accep-
tance of service of process either in an attachment proceed-
ing or upon an execution issued upon a judgment. Each
proceeding is in effect one *in rem,* a species of seizure of the
property of the debtor in the hands or under the control of
one in nowise bound to satisfy the claim of the creditor. Its
ultimate purpose is to appropriate such property to the ex-
tinguishment of the lien of an execution. To this end no
court can acquire jurisdiction except by actual service of the
process on the garnishee, or upon the auditor for him when
the garnishee is a foreign or nonresident domestic corporation.

Therefore, the ruling upon the motion to quash the return
was proper, and our order will approve and affirm it.

*Order affirmed.*