# CHARLESTON.

EXCHANGE BANK OF MANNINGTON, *a Corporation v.* J. F.
BEATTY *et als.*

(No. 6303)

Submitted March 5, 1929.    Decided March 12, 1929.

*A. Lawrence Russell,* for plaintiff in error.

*Charles Powell, Anthony F. McCue* and *Kemble White,* for Eureka Pipe Line Co.

LIVELY, JUDGE:

This writ of error involves the judgment of the circuit court of Marion county in quashing a garnishment on motion of the judgment debtors.

The Exchange Bank of Mannington having obtained in said circuit court a judgment in the sum of $8,815.95 with interest thereon from April 10, 1926, and costs, against J. F. Beatty, and having caused execution to issue thereon from the office of the clerk of said court, filed in said clerk's office a suggestion that the Eureka Pipe Line Company, a West Virginia corporation, had in its possession and control certain goods, chattels and effects of the judgment debtors and subject to the lien of the plaintiff's writ of *fieri facias,* and prayed that a summons issue out of the office of said clerk against the said pipe line company to answer said suggestion at the next regular term of said court. Summons as prayed was issued, directed to the sheriff of Wood county, and was by that officer duly served in said county on the 30th day of January, 1928, by delivering a copy thereof to E. W. Macklin, attorney in fact for said company, the return of the officer showing that the said Macklin was at that time a resident of said county. At the succeeding regular term of said court, the pipe line company, pursuant to said summons, appeared and, with the consent of the judgment creditor, filed a written answer from which it appears that it did not have any property of the said Blanche K. Beatty, but that it had in its custody and control, in its pipe lines, 354.36 barrels of oil belonging to the said J. F. Beatty. The order of the court at that time

merely filed the answer and made it part of the record of the proceedings. About two months later the judgment debtors appeared by counsel and tendered and were permitted to file a sworn motion or petition alleging, on information and belief, that the Eureka Pipe Line Company was a West Virginia corporation with its principal office in Wood county and not in Marion county, and that no chief officer of said corporation resided in Marion county, and, because "said writ of suggestion was not sued out of the office of the clerk of the circuit court of the county in this state in which the said Eureka Pipe Line Company, a corporation, has its principal office or in which its president or other chief officer resides," asserted that the circuit court of Marion county did not have jurisdiction of said writ of suggestion, and prayed that said writ of suggestion be quashed and all proceedings thereon be dismissed. The court, over the objection of the judgment creditor (the suggestion debtor having no notice of the tendering of said motion or petition and not appearing) permitted said petition to be filed and over the further objection of the judgment creditor, quashed said suggestion and dismissed the proceedings thereon at the cost of the judgment creditor. To that action of the court the judgment creditor excepted and now prosecutes this writ of error. Counsel for Eureka Pipe Line Company, suggestion debtor aforesaid, in protest of said action of the court have filed a brief herein in which they state that if their client is not before the court in such manner as to permit them to appear herein for it, that they desire their appearance be noted as *amici curiae*. Defendants, the Beattys, have made no appearance in this Court.

The first section of our suggestion statute, Code, Chapter 141, section 10, reads: "On a suggestion by the judgment creditor, that, by reason of the lien of his writ of *fieri facias*, there is a liability on any person other than the judgment debtor, a summons may be sued out of the office of the clerk of the circuit court of the county in which such other person resides, upon an attested copy of said execution being filed with said clerk, to be preserved by him in his office, or if he be a non-resident of the state, in the county in which he may be found, against such person, to answer such suggestion, the

return day of which summons may be the next term of said court." Apparently, the circuit court having in mind the above provision that a summons on a suggestion should issue out of the office of the clerk of the circuit court of the county in which the suggestion debtor resides, reached the conclusion that because, as alleged in the petition of the judgment debtors, the principal place of business of the suggestion debtor was in Wood county and not in Marion county, and none of its chief officers resided in Marion county, the trial court was without jurisdiction.

The suggestion filed with the clerk and process thereon does not create a lien upon the property of the debtor in the hands of the garnishee. The lien exists by virtue of the execution. The garnishment is but a process to enforce that lien. Note the language of the statute which says that upon suggestion of the judgment creditor *"that by reason of the lien of his fieri facias* there is liability on any person other than the judgment debtor,"* etc. *Park* v. *McCauley,* 67 W. Va. 104, 108, citing *Charron* v. *Boswell,* 18 Grat. 225. The process of garnishment is purely a statutory remedy, not known to the common law, and the provisions of the statute must be strictly followed. Its requirements are jurisdictional. *Coda* v. *Thompson,* 39 W. Va. 67. The pleadings and process in garnishment, like other pleading and process, must show sufficient facts on which to give the court jurisdiction to hear and determine. The statute above quoted is imperative that the process against the garnishee must issue from the circuit court of the county in which he resides. It is not material to inquire what reasons actuated the Legislature in making that requirement, but it may be that because the garnishee is an innocent stakeholder and not concerned in the litigation he should not be compelled to leave his county and business affairs and go to a distant county to engage in litigation which does not concern him. The judgment creditor may not be satisfied that the garnishee has made full disclosure by his answer, and appeal to a jury to determine that fact, thus involving time, and expense to the garnishee in a distant county. The reason which prompted the enactment is not apropos in this discussion, for the statute is clear

and plain. The circuit court of a county in which the garnishee does not reside has no jurisdiction to summon him from his county to answer garnishment.

The written suggestion filed with the clerk of the Marion county circuit court simply says that by reason of its execution lien there is liability on the Eureka Pipe Line Company, *a West Virginia corporation,* which has in its control certain goods, chattels and effects of the judgment debtor, or is indebted to them, and prays for a summons to answer that suggestion. The summons is directed to the sheriff of Wood county and recites that the execution on plaintiff's judgment is in the hands of the sheriff of Marion county, stating the amount of the judgment, and that by reason of the lien of that execution there is liability on the Eureka Pipe Line Company, *a West Virginia corporation;* and commanding the sheriff of Wood county to summon that company to appear on the first day of the next term to answer the said suggestion. The garnishee is stated to be a West Virginia corporation in both the suggestion filed and the process thereon. All corporations created under the laws of this state are either resident domestic or non-resident domestic. A resident domestic corporation is one which has located its principal place of business and chief works (if it have chief works) in this state; a non-resident domestic corporation is one whose principal place of business or chief works is located without this state. Code, Chapter 32, section 124. Whether the garnishee is a resident or non-resident corporation cannot be determined from the suggestion filed or the summons issued. If it be a non-resident domestic corporation, the court had jurisdiction of the garnishment proceeding. It is generally held that proceedings in garnishment may be maintained against a nonresident upon service made upon him within the court's jurisdiction and the claim against him is such that his creditor could have sued him thereon at the place where the garnishment proceedings are instituted. 12 R. C. L., p. 816, sec. 50. Our statute above cited says that a non-resident may be garnished by process from the circuit court of the county in which he may be found. Process in garnishment on a non-resident domestic corporation may be served on the auditor

134

as its statutory attorney appointed for that purpose, and jurisdiction is thus given to pronounce judgment, if the party to whom it is liable could have maintained action against it in the county from which the garnishment process is issued. It appears from the record in this case that the Beattys could have maintained their suit against the garnishee in Marion county, for there the cause of their action arose. On the other hand, if the garnishee be a resident domestic corporation, the statute requires the garnishment proceedings to be issued in the county in which that corporation resides. A corporation is regarded in law as an artificial "person". If the garnishee in this case is a non-resident domestic corporation, the court had jurisdiction; if the garnishee be a resident domestic corporation, the garnishment proceedings are issued from the wrong county, and jurisdiction is lacking. As before observed, the suggestion and process do not disclose the character of the garnishee in that regard, and is defective for that reason. The logical inference to be drawn from the proceedings is that the garnishee was a resident domestic corporation, for the process is directed to the sheriff of Wood county, and was served on its attorney in fact, a resident of that county; and the statute requires every resident domestic corporation, unless otherwise specifically provided, within thirty days after its first election of officers, to appoint an attorney in fact who resides in the county where its business is conducted. Code, Chapter 54, section 24. A pleading is interpreted most strongly against the pleader. The simple statement that the garnishee is a West Virginia corporation is not sufficient to give jurisdiction in garnishment proceedings as here shown, in view of the statutory division of corporations created under the laws of this state. The right to garnishment from the county where the basic judgment and *fieri facias* were rendered and issued, depends upon the character of the corporation garnishee, as above pointed out. The garnishee pipe line company could not confer jurisdiction by making appearance and filing answer disclosing what it owes to the judgment debtor, or what property of the latter it has in possession. Jurisdiction of the subject matter cannot be conferred by consent.

It is argued that the garnishee should have had notice of the motion and petition in order that it could protect its interests. What interests did it have to protect? It was a mere stakeholder and must be impartial. It cannot voluntarily place its creditor's debt within the jurisdiction of the court in order to be taken by another. The statute alone gives jurisdiction, and cannot be supplemented by borrowed aid volunteered by the garnishee. *Railroad Co.* v. *Rodgers,* 52 W. Va. 450. We have said that a garnishee cannot accept service of process, because the statute requires process to be *served. Atkins* v. *Evans,* 76 W. Va. 17. The garnishee is not injured by being dismissed out of court, for none of its rights have been prejudiced thereby. It still has in its possession the property unimpaired as it had before the proceedings began. It has no right of appeal and not being hurt, it has no cause to complain of its dismissal by the trial court.

Plaintiff argues that the Beattys had no right to appear and file their petition and motion, and that the court erred in considering the same. It is quite generally held, and reason dictates, that the judgment debtor who is vitally interested because his property is being taken by this ancillary and summary process for appropriation of his property by another, may appear and protect his interests especially where jurisdiction is involved. 28 C. J., p. 354, sec. 560; *Lewis* v. *Denny,* 58 Mass. (4 Cush.) 588; *Scudder* v. *Lewiston Water & Power Co.,* 33 Me. 575; *Hockaday* v. *King,* (Okla.) 120 Pac. 565; *Lenhoff* v. *Fisher,* (Neb.) 48 N. W. 821; *Krafve* v. *Roy,* (Minn.) 107 N. W. 966. We regard the matter contained in what is termed "the motion and petition" of defendants, namely, that upon information and belief they averred that the garnishee was not a resident of Marion county, but that its principal office was in Wood county, and that it had no officer or agent residing in Marion county, as a reason for sustaining the motion to quash for want of jurisdiction. That allegation accentuated the defect in the suggestion and process thereon which left the status of the garnishee (whether nonresident or resident domestic) uncertain and not sufficient on which to base jurisdiction. Complaint is also made that no process against plaintiff was issued on the motion or petition,

and no issue made thereon. Process, if any was required, was not necessary, for plaintiff appeared voluntarily and resisted the filing and consideration thereof; and no attempt was made by plaintiff to raise an issue thereon. It simply objected to the action of the court, and did not ask for time to controvert the allegation of residency of the garnishee. Plaintiff seemed to base its objection on the ground of defendants' right to appear, and on the insufficiency of their motion and petition, and made no jesture to controvert its truth in fact.

The order of dismissal of the garnishment will be

*Affirmed.*